## MILLER v. O'NEAL.

1. CODE CONSTRUED: JUSTICE'S DOCKET. Subdivision 11, section 2269 Code of 1851, does not require a justice to enter on his docket motions made to exclude or reject evidence offered on the trial.
2. RETURN TO A WRIT OF ERROR. The return to a writ of error issued out of the District Court to a justice, should certify the record and proceedings in the cause pending, so far as they relate to the facts stated in the affidavit on which the writ is based.
3. SAME. The certificate of the justice is not confined to matters which appear of record by the entries in his docket, or by bill of exceptions. He must certify the facts relating to any other proceeding stated in the affidavit, when he remembers the same.
4. ERROR OF FACT. A writ of error does not lie to correct an error of fact.
5. SAME: A justice will not be required to certify evidence offered in the trial before him, in response to a writ of error, when such certificate is not necessary to enable the District Court to judge of the correctness of his ruling, upon the admission or rejection of such evidence.

*Appeal from Allamakee District Court.*

THURSDAY, OCTOBER 27.

MILLER sued O'Neal before a justice of the peace, on an account for services rendered and money lent.   On the trial O'Neal, the defendant, objected to the decision of the justice, in admitting certain testimony offered by the plaintiff, and in rejecting certain testimony offered by the defendant; and also to the allowance of certain costs in favor of plaintiff; and sued out a writ of error to remove the cause into the District Court.

Upon the return of the justice being made to the writ, the counsel for O'Neal moved for a rule upon the justice to amend his return, so as to certify to the District Court the record and proceedings in the cause, so far as the same are set forth in the affidavit of the plaintiff in error; the said return failing to show the objection made to the admissibility of certain evidence, the decision of the justice upon such objections, and also upon the question of allowing certain costs.

In answer to the rule upon him for an amended and additional return, the justice certified to the court that he had no means of knowing as to the correctness of the testimony of the witness, as set forth in the affidavit, except from recollection; that the issue and former proceedings are correctly represented in the affidavit of plaintiff, in support of the motion for the amended return.

The plaintiff in error being still dissatisfied with the return of the justice, again moved the court for a rule upon said justice to amend his return, so as to show to the court the evidence given upon the trial before him; to which an objection was interposed and overruled; and to show also the objection made to the admissibility of said evidence, and the ruling of the justice in allowing certain costs accruing in said cause.   The District Court overruled the motion and decided that the justice was under no obligation to

make return of anything not required by law to be put upon his docket, and reduced to writing by him upon said trial, and which was not actually reduced to writing by him; that the justice was not required to return to the District Court any part of the evidence given upon said trial, or any ruling of said justice upon the reception or rejection of evidence, nor any objection made by the parties to evidence offered upon trial; and the Court refused to make any order upon said justice requiring him to make return under said writ of error, to so much of the affidavit of the plaintiff in error relating thereto. To this ruling of the court the plaintiff in error excepted and appeals.

*Clark & Clark,* for the appellant, relied upon 3 Cow. 61; 14 John. 195; 1 Cow. 95; *Hays & Blanchard* v. *Gorby,* 3 Iowa, 203; 4 Ib. 452.

*R. Noble* for the appellee.

STOCKTON, J.—The affidavit upon which the application of the defendant, O'Neal, for the writ of error to the justice was based, set forth at length the testimony given by the plaintiff on the trial of the cause, with the objections made by the defendant to certain testimony offered, the decision of the justice on the admissibility of the testimony, and the exception of the defendant to the decision.

The justice, in his return to the writ, certified to the District Court a full and complete transcript of the proceedings in the cause, as recorded in his docket. The objection taken to this return of the justice by the counsel for O'Neal, on the motion for a rule upon the justice for an amended return was, that the justice had failed to make any return as to the evidence given on the trial, as set forth in the affidavit on which the application for the writ was based; and had failed to set forth the objections made by the defendant, O'Neal, to the admissibility of said evidence, and the ruling of the justice upon said objection. The justice made return that he had no means of knowledge as to the statements in

the affidavit of the testimony of the witnesses, except from his recollection.    As to the other matters concerning which he was required to make return, he answered that the same were correctly set forth in the affidavit.

The question is whether this is a sufficient return; whether the fact that the justice had no means of knowledge of the correctness of the statements made in the affidavit, as to the testimony given on the trial, except from his recollection, is a sufficient reason for not stating in his return, what his recollection is as to the evidence given.    When the statute says that the justice shall enter on his docket, in all trials had before him, a note of all motions made, and whether refused or granted (section 2269, subdivision 11) it does not refer to motions made to exclude or reject evidence offered on the trial.    It is no part of the duty of the justice to enter on his docket objections made to evidence, nor the ruling made by him on any question of the admissibility of evidence.

A bill of exceptions to the ruling of the justice, would make the same part of the record.    If no bill of exceptions is allowed, and signed, the party must rely on the recollection of the justice to certify the evidence offered and objected to, and his ruling thereon.    If the memory of the justice fails him, and he cannot recall the evidence, it is the misfortune of the party.    But he is entitled to all that the justice does remember, and to have the same certified by him; and it is no excuse for his refusal to make such certificate, that he has no means of knowledge of the truth of the statements of the evidence made by the affidavit, except his recollection. He must make return whether or not, according to his recollection, a correct statement of the evidence is given in the affidavit, and of his ruling on the motion to exclude the same.

When the justice is commanded by the writ of error to certify to the District Court, the record and proceedings in

any cause, so far as they relate to the facts stated in the affidavit on which the writ is based, he is to certify not only such matters as appear of record by the entries on his docket, or by bill of exceptions duly allowed and signed, but he is to certify to any other proceedings stated in the affidavit, in order that the District Court may know whether they are stated therein correctly, and in order that the party may have the judgment of the District Court upon the alleged erroneous decision, or other illegality in the proceedings complained of.

The writ of error does not lie, however, to review the decision of the justice on the facts. For any such wrong decision the party has ample remedy by appeal to the District Court.

The justice is not required to certify the evidence for the purpose of having his decision on the facts reviewed. It is only when the evidence set forth in the affidavit is required for the purpose of enabling the District Court to judge of the correctness of the ruling of the justice upon its admission or rejection, that the justice is required to certify to it.

Judgment reversed.