GAGE, DATER & SLOAN v. THE DUBUQUE AND PACIFIC RAILROAD COMPANY *et al.*

1. PRESENTATION AND PROTEST. The certificate of the notary who presented certain acceptances for payment recited that he presented an original drafs, to the certificate annexed, to a person in the office adjoining the one in which they were made payable, and enquired of him for the Treasurer of the Company to whom they should be presented,

Gage, Dater & Sloan v. The Dubuque and Pacific Railroad Company et al.

and was told that said Company had removed their office to parts unknown, and that he had made diligent inquiries for such office and officer but could not find the same—Held:

1. That it was the duty of the officer to present the bills for payment to the person in charge of such office; or that if the office was closed he should have so found and recited upon his own knowledge and not upon a statement of another.

2. That the presentation as made operated to discharge the indorsers on the bill.

2. COMMISSIONERS SEAL. The seal of a commissioner of this state resident in another is entitled to credit as evidence only where the names of the commissioner and the State for which he acts are so engraved upon it that they appear in the impression of the same upon paper. An impression of a seal giving only the names of the Commissioner, upon which the name of the State is written with a pen, should not be admitted in evidence.

*Appeal from Dubuque District Court.*

SATURDAY, DECEMBER 15.

THIS was an action against the Dubuque & Pacific R. R. Company, as the drawers, and Mason, Bishop & Co. as the indorsers of certain bills of acceptance, payable at the office of said company in the City of New York. Objections were made by the appellants, Mason, Bishop & Co., to the admissibility in evidence, of the notary's certificate, and to the sufficiency of the authentication of the commissioner before whom an affidavit, in proof of notice to the indorsers, was made. These objections were overruled by the court, and judgment being rendered against Mason, Bishop & Co., they alone appeal.

*Cooley, Blatchley & Adams* for the appellants.

No appearance for the appellees.

BALDWIN, J.—The first point presented by the appellants is that the Court erred in admitting the certificate of the notary public who presented the acceptances for payment, in evidence, and in holding that such certificate was sufficient

in itself to show such a presentation as would charge the appellants as indorsers.

The acceptances were made payable at the office of said Railroad Company at No. 21, Nassau Street, New York. The certificate of the notary recites that he "did present the original drafts, to his certificate annexed, to a person in an adjoining office to that of the Dubuque & Pacific Railroad Company, 21 Nassau Street, in the City of New York, and inquired of him for the Treasurer of said Company, who told him that said Company's office was closed and removed to parts unknown to him. That he made other and diligent search and inquiries for such office and officer, but could not find the same."

It is submitted by the appellants that it was the duty of the officer to have gone to the office where the acceptances were to have been paid, and have presented the bills for payment to the person having charge of such office, and demanded payment of him; or if the office was closed, he should have so found and reported upon his personal knowledge and not upon the statement of another. When a bill is made payable at a banker's, or other particular place, and accepted accordingly, it is well settled that it must be presented for payment at that place, at its maturity; otherwise the indorsers will be discharged. When the place of payment is shut up during the hours of business, upon the day of maturity, the holder of the bill may treat it as dishonored by a refusal of payment, especially after dilligent inquiries have been made to find the acceptor and he cannot be found. Story on Bills 443, section 352.

The question then presents itself whether there is sufficient in this certificate to show that the office of the acceptor was closed. The notary does not certify that he went to 21 Nassau Street, and there demanded payment, but that he went to an adjoining building, and demanded payment of the person there in possession. He should have gone to the office or building specified in the acceptance, where payment

was to have been made according to the terms of the contract. When the acceptors determined upon changing their place of business, they, knowing certain bills were made payable at that place, may have placed money in the hands of some person in charge of such office to meet all demands payable there. There is no evidence in this certificate that such building was closed. If not, it was the duty of the notary to have presented the bill there in order to have charged the indorsers. The certificate of the notary does not show the diligence the law requires in presenting the bills for payment, so as to charge the appellants as indorsers, and the court erred in holding that it did.

The second point made by appellants is that the certificate of the commissioner before whom an affidavit of notice to the indorsors was made, was not duly authenticated by the proper seal of such officer. The word "Iowa" was written with a pen in the body of the seal, and not impressed, as it is claimed the law requires it should have been. The affidavit was read in evidence by an agreement of the parties, subject to any objections to the sufficiency of the seal. Section 72 of the Code provides, that oaths administered by a commissioner, certified by him under his hand and appropriate seal are made as effectual to all intents and purposes, as if done and certified to by a justice of the peace. Where a seal may be required by law to be affixed to any paper the word "seal" shall include an impression of such seal upon paper alone, as well as upon wax or wafer thereon. Section 26. Section 73 of the Code, provides that before such officer is qualified to act he shall file in the office of the Secretary of State a clear impression of his seal on wax or wafer. In the succeeding section it is provided that such commissioner's seal is entitled to the same force, as evidence, as that of a notary public. Before a notary public's seal is entitled to credit it must have his name engraved upon it with the words "Notarial Seal" and "Iowa." From these provisions of the Code we are led to conclude, that before

the seal of a commissioner is entitled to credit as evidence, it should have engraved upon it, so that there could be an impression upon paper from it, words showing the name of the commissioner and the State for which he undertakes to act. Unless the name of a notary public, and the State in which he acts are engraved upon his seal, so that an impression can be made therefrom, his seal would not be received in evidence. Much less should the seal of an officer who resides out of a State receive credit, unless it has sufficient engraved upon it to show, by its impression, the State for which he acts.

The law requires such commissioner to leave an impression of his seal upon wax in the office of the Secretary of State. This is to prevent any person from acting as such an officer without authority to do so, and that the genuineness of his seal may be proved if necessary. Suppose that the commissioner before whom this affidavit was made had filed such an impression with the Secretary of State as is attached to his certificate offered in this case, would this have been such an impression of his seal as would have qualified him to act? We think not. If a portion of the words necessary to be used in the body of the seal can be written the whole may be. The law requires that they should be impressed. The seal of his office, thus designed, may be used for any State, whereas, it is contemplated by our statute that such commissioner shall have a seal designed for this State alone.

Judgment reversed.