## The State of Iowa v. Minnick.

1. ILLEGAL VOTING. Voting in a township of which the voter is not a resident, is an offense under § 4337 of the Revision of 1860.

2. SAME: PERJURY. An indictment for illegal voting in a township of which the accused was not a resident, is not affected by the fact that he is also liable for perjury.

15 123
87 591
15 123
112 3
15 123
129 125

The State of Iowa v. Minnick.

3. SAME: INDICTMENT: JUDICIAL NOTICE. The courts take judicial notice of the day upon which the general election for the current year is held, and of the officers to be voted for at such election.

4. SAME: INDICTMENT. In an indictment for illegal voting it is not necessary to allege that candidates for any particular office were voted for, or the names of the persons voted for.

5. RESIDENCE IN A TOWNSHIP. To gain a residence within a township, within the meaning of our election laws, the elector must have the intention *bona fide* of making it his home. Remaining within the township with the purpose to leave as soon as some temporary object is accomplished does not establish a residence.

6. EVIDENCE. The sufficiency of evidence to sustain a verdict of guilty on the trial of an indictment for illegal voting considered.

THE facts appear in the opinion of the court.

*E. J. Ingersoll* for the appellant.

*C. C. Nourse,* Attorney-General, for the State.

WRIGHT, J.—ILLEGAL VOTING. The statute declares that "if any person willfully votes who has not been a resident of this State for six months next preceding the election, * * * * or who is not duly qualified from other disability to vote at the place where, and the time when, the vote is to be given, he shall be fined," &c. § 4337, Rev. of 1860. By § 492 it is provided that no person is entitled to vote at any other place than in the township in which he resides at the time he offers his vote. The oath to be administered to such electors as are challenged, requires them to swear to the township of their residence. (§ 494.)

In this case the indictment charges that defendant resided in Des Moines township, but voted in Fairview township, in Jasper county. The first point made by defendant (who appeals) is, that as he was a qualified voter in the County it was not an offense to vote in the wrong township; that if he was challenged and was sworn, he might

be indicted for perjury, but not for illegal voting. Such is not our understanding of the statute. If the question depended upon a construction of § 4335, referred to and relied upon by appellant, there would be force in the objection. But a person may be a qualified voter, so far as age, residence in the State or County are concerned, and yet if he simply votes in the wrong township, he is clearly guilty of illegal voting under § 4337. It was the intention of the statute to confine voters to the township of their residence, and the disability attaches when they offer to vote in any other, as much as if they were not twenty-one years of age. That they may be liable for perjury for taking a false oath does not affect this question.

II. The indictment charges that defendant voted on the 14th of October, 1862, at a general election holden in said county, at the township of Fairview, &c. It is insisted that the indictment should state whether any, and if so, what officers were to be elected at said election, and also whether defendant voted for or against any person, and if so, who.

The Courts of the State judicially know that the general election for 1862, was held on the second Tuesday, the 14th of October; and that at said election, a Secretary of State and the other officers named in that and succeeding sections, including Justices of the Peace, Township Trustees, &c., were to be voted for. This being true, it was not necessary to state these facts in the indictment. (§ 4661, Rev. of 1860.) Nor is it required that it should appear by the indictment that the elector voted for or against any one. When it appears that the ballot was cast, the presumption is that it designated the name of some person, and the office for which the person named therein was voted for. The almost practical impossibility of ever proving that the ballot did contain the names of candidates is a satisfactory reason for basing the matter upon the

ground of presumption, the presumption that the elector intended to and did vote for some one, and not a vain, foolish and unnecessary act. And that it need not appear for whom he voted, is too clear in view of the clear policy of our ballot system of voting, to need argument.

III. As to what constitutes a residence within the meaning of our election laws, we do not propose now to discuss, further than to say that we see no objection to the instructions given to the jury upon this subject, and to which exceptions are now urged. We do not understand that the theory of said instructions, as claimed by counsel, is: "That defendant could not gain a residence if he had a *present intention* of removing from the place where he was at work; that even if he intended to work in Fairview township six months, and after that return to Des Moines township, he could not acquire a residence in Fairview." The Judge places the question before the jury as one of intention, and hence it is said that: "A man may actually stay and sojourn in a township for six months and still not be a resident of such township, and he may be a resident when he has not sojourned a week. It is the intention of the party that is the rule. It must be a residence in good faith." A voter may go into a township and remain there ten days or longer, for the sole purpose of voting, with no intention of remaining, and yet his residence is not changed. And then he may remove into such township an hour before he offers his vote, and if such removal is *bona fide*, he is entitled to vote. The time intervening is, of course, an important element in determining the question of intention, but it is not by any means always conclusive. A mere present intention of removing from the place where a person may reside, does not change such residence; but to come to a place with no intention of remaining, with the purpose of returning so soon as some temporary object is accomplished, does not

fix the residence. Such a person is a temporary sojourner and not a resident within the meaning of our election laws.

IV. That the verdict was warranted by the evidence, we entertain no doubt. The jury had full warrant for concluding that defendant, an unmarried man, left his father's home in Des Moines township, and went into Fairview on the Sunday before election, remained there chopping wood until the evening of, or the next morning after, the election; that he went there to vote; that he did vote, and at once quit his work and returned home. If the jury could not conclude that he had no *bona fide* residence where he voted under such circumstances, it would be difficult to imagine a case where they could. The pretext that he took some clothes with him, which he designed to have, but which were not washed, that he talked after he left of taking his clothes back, is too shallow and could justly have had but little weight with the jury.

Affirmed.