STEPHENS v. WILLIAMS.

1. **Evidence**: DEPOSITION: NOTARIAL SEAL. The certificate of a notary public must be authenticated by an impression thereon of his notarial seal containing the name of the state, and in the absence of such authentication from the certificate a deposition will be suppressed.

2. ———: ———: ———. The clerk of the court of the county in and for which the notary is appointed may certify to the fact of his appointment, but cannot certify to the genuineness of the notary's signature, which can only be evidenced by the proper notarial seal.

3. ———: DECLARATIONS: POSSESSION OF PERSONAL PROPERTY. The declarations of a party in the possession of personal property, explanatory of such possession, are competent.

4. **Replevin**: MISTAKE IN DESCRIPTION. Where property replevied is described differently from that identified by the proof, the jury may properly consider whether or not the description is a mistake, and the property, as a matter of fact, is that of plaintiff.

*Appeal from Hardin District Court.*

WEDNESDAY, OCTOBER 3.

THIS is an action of replevin for one Whittemore & Stephens piano, style E, No. 4718, of which the plaintiff alleges he is the owner, and to the immediate possession of which he claims he is entitled.

The defendant alleges that as a duly elected and qualified constable he is entitled to the possession of the piano, in virtue of two writs of attachment, duly issued against H. B. Sutliff, and levied upon the piano as his property.

There was a jury trial, and a verdict and judgment for plaintiff.

Defendant appeals. The material facts are stated in the opinion.

*Davidson, Allen & Bryson,* for appellant.

*Scales & Cassidy,* for appellee.

DAY, CH. J.—I. A motion was made to suppress the deposition of Roe Stephens, and was overruled. This ruling is as-

signed as error. The deposition was taken before Dwight C.

1 EVIDENCE: Rexford, purporting to be a notary public of
deposition:
notarial seal. Wayne county, Mich. The only seal affixed to the
certificate was a wafer with the words " D. C. Rexford, Notary
Public, Wayne Co., Mich.," written with a pen. There was
no impression on the paper or wafer. No proof was intro-
duced respecting the laws of Michigan. The courts of this
state do not take judicial notice of the statutes of other states,
but, in the absence of proof, presume them to be the same as
our own. See *Bean v. Briggs et al.*, 4 Iowa, 464; *Carey v.*
*Cincinnati & Chicago Railway Co.*, 5 Id., 357; *Taylor et al.*
*v. Runyon et al.*, 9 Id., 522; *Crafts v. Clarke*, 31 Id., 77.

Our statute, Secs. 258 and 259, provides that " The governor
may appoint and commission one or more notaries public in
each county.    *    *    *    *    Before any commis-
sion is delivered to the person appointed, he shall procure a
seal, on which shall be engraved the words ' Notarial Seal,'
and ' Iowa,' with his surname at length, and at least the ini-
tials of his Christian name." He is also required to write on
his bond, or a paper attached thereto, his signature, and place
thereon a distinct impression of his seal, and file such bond in
the office of the Secretary of State. Sec. 259. Whilst the
statute does not, in terms, prescribe that the acts of a notary
shall be authenticated by his seal, yet there could have been
no other purpose in requiring him to procure a seal; and in
*Tunis v. Withrow*, 10 Iowa, 305, it is held that " the official
acts of a notary public should be authenticated by seal and
signature, and that an affidavit is not proved to have been
made, unless the jurat is authenticated by both such seal and
signature." The question now arises whether the wafer in
question, with the words written upon it with a pen, is suffi-
cient as a notarial seal. In *Gage, Dater & Sloan v. The Du-*
*buque & Pacific Railroad Co.*, 11 Iowa, 310, a question
arose as to the sufficiency of the seal of a commissioner of this
state, resident in another state, in which the word " Iowa "
was written with a pen in the body of the seal, and not im-
pressed. After referring to the provisions of the law upon the
subject, which do not materially differ from those now in

force, the court say: "From these provisions of the Code, we are led to conclude that, before the seal of a commissioner is entitled to credit as evidence, it should have engraved upon it, so that there could be an impression upon paper from it, words showing the name of the commissioner, and the state for which he undertakes to act. Unless the name of a notary public, and the state in which he acts, are engraved upon his seal, so that an impression can be made therefrom, his seal would not be received in evidence." In *Hinckley v. O'Farrell*, 4 Blackford, 185, the certificate and attestation attached to an affidavit taken before a notary public was attested simply by a scrawl. The court said: "We think the objection to the certificate well taken. It is certainly not attested as contemplated by the statute establishing the office and defining the duties of notaries public. The seal attached to the certificate is simply a scrawl, and such as could not have been intended. By the third section of the act, 'each notary public shall procure a seal, which shall be called the seal of the notary public.' The substitution of a scrawl for the seal thus prescribed is not warranted; and, for this defect, the Circuit Court was correct in dismissing the attachment." In *Dumont v. McCracken*, 6 Blackford, 355, it was held that depositions taken by a notary, not authenticated by his official seal, should be suppressed. We conclude that the seal attached in this case was not sufficient.

II. The notarial seal authenticates the notary's signature. It is also *prima facie* evidence that the person who uses it and signed the certificate is a notary duly commissioned by the governor. *Brown v. The Philadelphia Bank*, 6 Sergeant & Rawle, 484.

Section 260 of the Code provides: "When the secretary of state delivers the commission to the person appointed, he shall make a certified copy thereof and forward the same to the clerk of the District Court of the proper county, who shall file and preserve the same in his office, and it shall be deemed sufficient evidence to enable such clerk to certify that the person so commissioned is a notary public during the time such commission is in force." Attached to the notarial certificate in

question is a certificate under the hand and seal of the clerk of the Wayne Circuit Court, as follows: "I, Ray Haddock, clerk of said county, and clerk of the Circuit Court for the county of Wayne, which is a court of record, having a seal, do hereby certify that Dwight C. Rexford, whose name is subscribed to the jurat of the annexed instrument, and therein written, was at the time of making such jurat a notary public in and for said county, duly commissioned and qualified, and duly authorized to make the same. · And further, that I am well acquainted with the handwriting of such notary public, and verily believe that the signature to the said jurat is genuine." It is claimed that this certificate validates the notarial certificate, even if otherwise it should be held insufficient. It must be observed, however, that the section above quoted authorizes the clerk only to certify that the person commissioned is a notary public. It is not made the duty of the clerk, nor has he any authority to certify as to the genuineness of the notary's signature. That is to be evidenced by the proper notarial seal. Our opinion is that the certificate is insufficient, and that the court should have suppressed the deposition.

III. Various declarations of Sutliff as to his ownership of the piano whilst it was in his possession were admitted in evidence. Respecting these the court directed the jury as follows: "I have admitted in evidence the declarations of Sutliff, as explanatory of his possession, while the piano was in his possession. I now withdraw them from your consideration, and direct you to give them no weight as against the plaintiff." This action is assigned as error. This court has frequently held that the declaration of a party while in possession of personal property, explanatory of such possession, as that he held in his own right or as agent, etc., was competent. *Taylor v. Lusk*, 9 Iowa, 444; *Blake v. Graves*, 18 Iowa, 312; *Ross v. Hayne*, 3 G. Greene, 211. The last case is directly in point.

The case of *Roebke v. Andrews*, 26 Wisconsin, 311, is to the same effect. It is true that the dissenting opinion of DIXON, CH. J., shows that there is great conflict in the decisions upon the subject, and, were the question *res integra*, we

might feel inclined to hold declarations in favor of the title of one in possession of property inadmissible. But we regard the question as settled in this State by former adjudications.

IV. The piano claimed in the petition is described as number 4,718. The proof tends to show that the piano replevied 4. REPLEVIN: from defendant is number 4,918. The court in-<br>
mistake in<br>
description. structed as follows: "The plaintiff avers that the piano is his, number 4,718, and that the defendant seized it as the property of Sutliff. The defendant avers that the property replevied is number 4,918. If you find there are two pianos of these different numbers, the defendant will be entitled to your verdict, but if you believe that there was but one instrument, and a mistake in the number, you will then consider the right of the parties as to the ownership of that piano. If the instrument claimed by plaintiff is 4,718, and the one levied upon by the officer is 4,918, a different piano, your verdict will be for defendant." The giving of this instruction is assigned as error. We think the instruction is right. It very clearly appears that the instrument claimed by plaintiff is the one upon which defendant levied the attachment, and that some of the witnesses are mistaken as to the number. For the reasons given the judgment is

REVERSED.