Church v. Crossman.

---

## CHURCH v. CROSSMAN.

1. **Jurisdiction:** APPEARANCE: EFFECT OF. A party who appears by attorney or agent to object to the jurisdiction of the court cannot afterward be heard to object to the sufficiency of the service of the summons or notice

2. ———: RESIDENCE. To constitute a residence, within the meaning of the statute, the intention of remaining must appear, and a mere visit to another county, pending a removal from the State, will not constitute the party a resident of the county.

3. ———: REGULARITY OF PROCEEDINGS. The proceedings of all courts of record, including those of limited and inferior jurisdiction, are presumed to be regular in respect of all matters not required to be entered of record.

4. **Foreign Judgment:** PRACTICE. In an action on a foreign judgment the statutes of the State wherein the judgment was rendered will be presumed to be the same as those of this State, in the absence of proof to the contrary.

Church v. Crossman.

*Appeal from Hamilton Circuit Court.*

FRIDAY, OCTOBER 25.

THIS is an action upon a judgment rendered against defendant in favor of plaintiff, on the 16th day of February, 1872, before J. B. Preston, a justice of the peace of the town of Gouverneur, St. Lawrence county, New York, for the sum of two hundred dollars and costs.

The defendant, for answer, denies all the allegations of the petition, and alleges that at the time the action was commenced he was not a resident of St. Lawrence county, but was a resident of Jefferson county; that the justice had no jurisdiction of his person, nor of the subject-matter of the suit, and that he was not indebted to plaintiff in any sum whatever. By way of counter-claim the defendant claims of plaintiff the sum of three thousand dollars, on various items of account extending from the 9th day of April, 1864, to the 1st day of April, 1867. A reply was filed pleading the statute of limitations to the account. The cause was tried without a jury, and the court found generally for the defendant.

The plaintiff appeals.

*Clark & Moulton* and *N. M Hubbard,* for appellant.

*Chase & Covil,* for appellee.

DAY, J.—I. The Code, § 2540, provides that "a counter-claim may be pleaded as a defense to any cause of action, notwithstanding the same is barred by the provisions of this chapter if such counter-claim so pleaded was the property of the party pleading it at the time it became barred, and the same was not barred at the time the claim sued on originated." The judgment upon which this suit is instituted was rendered February 16, 1872. This, we think, constituted the origin of the claim now sued on. The answer shows upon its face that all the items of account set up in the counter-claim,

with the exception of four, originated more than five years before this judgment was rendered. Of these four the evidence clearly shows that two were barred by the statute of limitations when the judgment was rendered, and a third was allowed to the defendant upon another account. The only claim not clearly disposed of by the evidence is an item of two dollars for work. As the court found generally for the defendant, the finding must have been upon other grounds than the existence of a counter-claim. This the appellee concedes.

II. The return to the summons upon which the judgment 1. JURISDIC-TION: appearance: effect of. sued on was rendered is as follows: "Served personally the 2d day of February, 1872, on the within named defendant; fee eighty-five cents. George Hill, Constable." We need not determine whether this return is so defective that no valid judgment could be rendered upon it. The justice's transcript contains the following recital: "February 9, 10 A. M., suit called; plaintiff appeared in person; defendant appears specially, to make objection to jurisdiction of court, by J. Van Norman; objection overruled." The defendant testified: "I didn't appear before the justice at all, because I lived in another county, and the court had no jurisdiction." He does not, however, anywhere deny that Van Norman was authorized to appear for him. *Prima facie* it appears that Van Norman, as the attorney or agent of defendant, appeared, to object to the jurisdiction of the court. "In a court of record the mode of appearance may be by an appearance, even though specially made, by himself or his attorney, for any purpose connected with the cause, or for any purpose connected with the service or insufficiency of the notice; and an appearance, special or other, to object to the substance or service of the notice, shall render any further notice unnecessary." Code, § 2626. Section 3516 of the Code provides that all the proceedings prescribed for the Circuit Court, so far as the same are applicable and not changed, shall be pursued in justices' courts. That the laws of New York are

presumed to be the same see *Stephens v. Williams*, 46 Iowa, 540. We think that the effect of a special appearance in a justice's court is the same as in a court of record, and that the defendant, having appeared by attorney or agent to object to the jurisdiction of the court, cannot ·now be heard to object to the sufficiency of the service of the summons. The case of *Post v. Brownell*, 36 Iowa, 497, cited by appellee, is not applicable. That was a case where it was claimed the action was brought in the wrong county, and it was held such objection must be raised *in limine*.

III. The statute of New York provides that no person shall be proceeded against by summons out of the county in which he resides. The defendant claims that at the time he was served with summons in St. Lawrence county, on February 2, 1872, he resided in Jefferson county, and that, therefore, the justice acquired no jurisdiction to render judgment against him.

2. ——: residence.

The evidence shows that defendant resided with his family in St. Lawrence county from October, 1868, until the 1st of February, 1872. From the middle to the last of January, 1872, he sold off his household effects, preparatory to moving to Michigan. On the 1st of February, 1872, the defendant went with his family to his father's, in Jefferson county, to stay until he got ready to go west, having before that time shipped all his goods to Michigan, except clothing, which he intended to carry in a trunk. On the 13th of February, 1872, he removed to Michigan. Under these facts, where was his residence when the action was commenced? We think that the term *resides*, as used in the above statute, means a permanent and fixed, and not a mere transient or temporary abode, and that it does not essentially differ from the word domicile. See *Hinds v. Hinds*, 1 Iowa, 36, where the meaning of the word is considered fully as employed in the statute respecting jurisdiction over divorce proceedings.

It is very clear that the defendant's residence was in the

county of St. Lawrence until the 1st day of February, 1872. It must, too, we think, be conceded that his residence remained there until he acquired a residence elsewhere. He had not on the 2d day of February acquired a residence in Michigan, for he had then merely formed the intention of removing to Michigan, and had shipped a portion of his goods. Mere intention cannot change a residence. What, then, was the character of his two weeks' stay with his father in Jefferson county? He went there merely for a temporary purpose, as a sojourner or visitor, with no intention of remaining but a short time, until he could get ready to permanently leave the State. Did his remaining there, and for that purpose, impress upon him the character of a resident of Jefferson county? We think it did not. In order to constitute a residence there must exist the *animus manendi*. For the purposes of the statute, we think, the defendant's residence had not been changed from St. Lawrence county when the action was commenced. As applicable to this question see the following authorities: *Love v. Cherry,* 24 Iowa, 204; *Hinds v. Hinds,* 1 Iowa, 36; *State v Minnick,* 15 Iowa, 123.

IV.   The statute of New York provides that an action shall be brought before some justice of the town wherein the plaintiffs, or any one of them, reside, or where the defendants, or any of them, reside, or before some justice of another town in the same county next adjoining the residence of the plaintiff or defendant. The justice before whom the suit was brought resided in the town of Gouverneur; the plaintiff resided in the town of Rossie, and the residence of defendant was in the town of De Kalb. It is claimed that the justice had no jurisdiction, because there is no evidence tending to show that the town of Gouverneur adjoins the town in which either the plaintiff or the defendant resided. There is no evidence that the town of Gouverneur does not adjoin one or both of the other towns named. Section 3669 of the Code, 4120 of the Revision, is as follows: "The

Church v. Crossman.

future proceedings of all officers, and of all courts of limited and inferior jurisdiction, within this State, shall, like those of a general and superior jurisdiction, be presumed regular, except in regard to matters required to be entered of record, and except where otherwise expressly declared." The statute of New York is presumed, in the absence of any proof upon the subject, to be the same. *Stephens v. Williams,* 46 Iowa, 540. We know of no provision or principle of law which requires a justice to enter of record the relative location of the town in which the action is brought and that in which the plaintiff or defendant resides. The statute requires that the justice shall enter the issuing of process, and the return thereof. Code, § 3515. But these facts, when entered, would not show anything as to the contiguity or otherwise of the town in which the action is commenced and those in which the parties reside. The defendant appeared, by attorney or agent, and made objection to the jurisdiction of the court. The objection was overruled. The justice, in effect, decided that he had jurisdiction. Under section 3669 of the Code this adjudication is presumed to be right until the contrary is shown by evidence. No evidence upon the subject has been introduced.

It follows that, so far as the record discloses, the justice had jurisdiction to enter the judgment, and that the holding of the court below must be

REVERSED.