Vanderpœl v. O'Hanlon.

---

## VANDERPŒL v. O'HANLON ET AL.

1. **Residence**: RIGHT TO VOTE: STUDENT IN COLLEGE. One who becomes a resident of a county for the purpose of attending college, and who has formed no intention of remaining after the completion of his college course, is not entitled to vote in such county. To constitute a residence, within the meaning of the article of the constitution prescribing the qualifications of voters, the fact of residence and the intent to remain must concur.

*Appeal from Johnson Circuit Court.*

TUESDAY, APRIL 6.

THE petition states that the plaintiff, in March, 1878, was a "legal voter and elector," and that being such he was entitled to vote in a certain ward in Iowa City, in Johnson county, at an election then being held. That defendants were judges

of said election, and, against the protest of the plaintiff, required him to submit to an examination touching his right to vote, and required him to take a prescribed oath. . Upon taking such oath he tendered his ballot to the defendants and demanded that it be deposited in the ballot-box, which the defendants unlawfully, corruptly and maliciously refused to do, to the great injury and damage of the plaintiff, for which he asked judgment. The allegations of the petition were denied; trial by jury; verdict for the plaintiff for three hundred dollars, for which judgment was rendered. The defendants appeal.

*S. H. Fairall, Chas. Baker* and *Geo. J. Boal,* for appellants.

*Milton Remley* and *S. M. Finch,* for appellee.

SEEVERS, J.—The material facts are, that in January, 1875, the plaintiff was nineteen years of age, and his home or residence was with his father in Mitchell county, in this State. At that time he was sent by his father to the State University at Iowa City for the purpose of completing his education, and was still attending said school in March, 1878, when he offered to vote. His father furnished the means required for the plaintiff's expenses and for the payment of such fees as were required at the University.

*1. RESIDENCE: right to vote: student in college.*

His father's home in Mitchell county was the plaintiff's "headquarters" or residence during vacations, except when he was absent from there on hunting or other excursions. At the time he offered to vote the plaintiff was unmarried and twenty-two years of age. In response to a question as to his intention to make Iowa City his home after he ceased to attend the University, the plaintiff, being then on the witness stand, answered as follows: "I didn't know what I would do after I had graduated. I was not aware that I would ever leave Iowa City. I did not know what I would do afterwards.

I was at that time (when he offered to vote) without any intention." Whether the plaintiff was a legal voter depends on the question whether he was a resident of Johnson county at the time he offered to vote. As to this we have to say:

The qualification of voters is defined in the constitution, article 2, section 1, as follows: "Every male citizen of the United States, of the age of twenty-one years, who shall have been a resident of this State six months next preceding the election, and of the county in which he claims his vote sixty days, shall be entitled to vote * * * ." Code, 772.

If it was the intention of the plaintiff to return to Mitchell county when he had finished his education, it would probably be conceded that his place of residence, within the meaning of the constitution, continued to be in Mitchell county during all the time he was absent. And, on the other hand, it would probably be admitted, if, when he went to Iowa City, or at any time thereafter before he offered to vote, his intention was to make that place his home and residence when he ceased to attend the University, that such place was and became his place of residence in such sense that he would have become a legal voter in Johnson county.

The case is somewhat different from these, for the plaintiff had not formed any intention of either staying or leaving Iowa City when he ceased to attend the University. But in legal contemplation, we think, there is no difference between the case before us and the first proposition above stated.

It is undoubtedly true that the residence of the plaintiff was in Mitchell county at the time he first went to Iowa City, and it must be equally true that it so continued until he acquired another. Another proposition will, we think, be conceded, and that is, that an individual cannot be entitled to vote in two different counties in this State at the same election. Yet he may, in a certain sense, actually reside in one and be a legal voter in another. He is entitled to vote only in the county where his home is—where his fixed place of residence is for the time being—and such place is, and must

be, his domicile, or place of abode, as distinguished from a residence acquired as a sojourner for business purposes, the attainment of an education, or any other purpose of a temporary character. If a person leaves the place of his residence or home with intent of residing in some other place and making it his fixed place of residence, but never consummates such intent, it cannot be said his residence has been changed thereby. But if he so intends, and does actually become a resident of another place, then the former residence will be regarded as abandoned and a new one acquired. The intent and the fact must concur. *Hinds v. Hinds*, 1 Iowa, 36; *The State v. Minnick*, 15 Iowa, 123; the opinion of the judges in 5 Met., 587; *Fry's Election Case*, 71 Penn. St., 302.

The instructions given the jury are not in accord with the views above expressed, and must, therefore, be regarded as erroneous. The Circuit Court seems to have been of the opinion that if the plaintiff resided in Iowa City for the required length of time, and had no present intention of leaving when he ceased to attend the University, that such place, in a constitutional sense, became his residence. Under this view, the plaintiff would become a resident and voter in Iowa City although he was there for a temporary purpose and had not formed affirmatively the intention to become a resident of such place. This we do not think is the law, and, for the error in the instructions, the cause must be reversed. We deem it proper to say that the seventh instruction asked embodies correct propositions and should have been given without modification.

REVERSED.