## SWEET V. WRIGHT & SPENCER ET AL.

1. **Evidence:** LEVY ON GOODS: RES GESTAE. Where the question was whether the stock of goods, seized under an execution, was the property of the judgment debtor or a third party; whatever was said by the judgment debtor to a clerk when employed by him, as to whom he was employed for, was competent testimony as a part of the *res gestae*.

2. ————: RECALL OF WITNESS: DISCRETION OF COURT. It rests in the sound discretion of the court whether a witness shall be recalled for re-examination.

3. ————: DECLARATIONS OF PARTY IN POSSESSION OF PROPERTY. The declarations of a party in the possession of property merely explanatory of such possession are admissible in evidence; but where the declarations go further and detail the nature of the agreement under which possession is held, they are not admissible.

4. **Purchase of Stock of Goods:** WHEN FRAUDULENT. The purchase of a stock of goods from an insolvent, for a sufficient consideration, will be valid, unless it was done for the purpose of aiding the debtor to hinder, delay or defraud his creditors.

5. **Practice:** BILL OF EXCEPTIONS: RULE OF COURT. *Held,* that a certain rule of court, set out, did not require the bill of exceptions to be settled and filed within thirty days from the adjournment of court, but that the judge might have fifty days therefor.

*Appeal from Marshall Circuit Court.*

SATURDAY, DECEMBER 17.

THIS action is brought upon an indemnifying bond, executed by Wright & Spencer, as principals, and T. J. Fletcher, as surety, to procure a levy by the sheriff of an execution in favor of Wright & Spencer, and against W. Martin & Co.,

W. Martin and J. B. Sweet, Jr., upon certain goods, the property of J. B. Sweet, Jr. The plaintiff claims that the property levied upon belonged to him, and that the goods were taken from him and have not been returned, whereby he has sustained damage in the sum of one thousand dollars.

The defendants admit the execution of the bond and the levy, but deny that the property levied upon belonged to the plaintiff, and allege that it belonged to J. B. Sweet, Jr., one of the execution defendants, and that the alleged ownership of J. B. Sweet, Sr., was fraudulent, and assumed by the plaintiff, with fraudulent intent to hinder, delay and defraud the creditors of J. B. Sweet, Jr. There was a jury trial, resulting in a verdict and judgment for the defendants. The plaintiff appeals.

*Brown & Binford*, for the appellant.

*P. M. Sutton*, for the appellees.

DAY, J.—I. The question in controversy is, whether the stock of goods was the property of J. B. Sweet, Sr., or of J. B.

1. EVIDENCE: levy on goods: res gestae.

Sweet, Jr., against whom the writ of execution issued. The plaintiff introduced as a witness one Daniel Barber, and asked the following question: "What is your occupation, and what was it at that time?" To this the witness answered: "I was at work in the store; I don't recollect just when I commenced in the fall; I had been at work from the fall through; Mr. Sweet employed me—the young man." The plaintiff then asked the following question: "What was it Mr. J. B. Sweet, Jr., said to you at the time you were employed, as to whom he employed you for?" The defendant objected to the question as immaterial and incompetent. The objection was sustained. The plaintiff excepted, and assigns the ruling as error. The witness, it is to be noticed, went beyond a proper answer to the interrogatory propounded, and in addition to stating what he was doing, he

stated who employed him. Now, if J. B. Sweet, Jr., at the time of the employment, stated to the witness that he employed him, not for himself, but for J. B. Sweet, Sr., this statement. would constitute a part of the *res gestae*, and be, in every respect, competent and most material. In excluding this testimony it is clear to us that the. court erred.

II. J. B. Sweet, Jr., a witness for the plaintiff, was introduced, examined, cross-examined, and permitted to retire, and other witnesses were examined. Afterward the defendant was permitted, against the objection of plaintiff, to recall J. B. Sweet, Jr., for further cross-examination. This action the plaintiff assigns as error. It rests in the sound discretion of the court whether a witness shall be called back for re-examination. *Barker v. Bell*, 46 Ala., 216. Besides, in this case no material evidence was obtained upon the further cross-examination.

2. ——: recall of witness: discretion of court.

III. The defendant made an affidavit and motion for a con tinuance on the ground of the absence of a witness, one H. L. Spencer. The plaintiff admitted that the witness would, if present, testify to the facts stated in the affidavit, and the motion for continuance was thereupon overruled. Against the objection of the plaintiff, the defendant was permitted to read from the affidavit for continuance as follows: "That said J. B. Sweet, Jr., told said H. L. Spencer that the old man, meaning his father, J. B. Sweet, Sr., was simply giving him the use of his name, and that everybody knew that his father was good, and if the business was run in his father's name no one would doubt his ability to pay. That the business was his, and was only run in his father's name for protection." The admission of this evidence is assigned as error. It has been held by this court that declarations of a party in possession of property, explanatory of the possession, and claiming title in himself, are competent. *Ross v. Hayne*, 3 G. Gr., 211; *Taylor v. Lusk*, 9 Iowa, 444; *Blake v. Graves*, 18 Iowa, 312; *Stephens v. Wil-*

3. —— : declarations of party in possession of property.

*liams*, 46 Iowa, 540. See, also, *Roebke v. Andrews*, 26 Wis., 311. The dissenting opinion of Dixon, C. J., in the case last cited, shows that there is much conflict upon the question, and this court has said in *Stephens v. Williams, supra,* that were the question *res integra*, we might feel inclined to hold declarations in favor of the title of one in possession inadmissible. In *Taylor v. Lusk,* 9 Iowa, 446, it is said that the cases all agree in holding that the declaration must be made at the time of the possession, must be simply explanatory of it, and not in regard to the contract under which the possession is held. This was expressly ruled in *Thompson v. Mawhinney,* 17 Ala., 362, and in *Mims v. Sturdevant,* 23 Ala., 664. The declaration admitted in this case is not simply that J. B. Sweet said he was holding the property in his own right, but it goes further and details the nature of the agreement between him and his father, under which he held the property. The declaration is not merely a part of the *res gestae*, but is a narrative of a past occurrence. Under the authorities above referred to it is inadmissible.

IV. The plaintiff asked the court to instruct the jury as follows: "If you find J. B. Sweet, Jr., was indebted to his 4. PURCHASE father, the plaintiff, and the plaintiff had indorsed of stock of goods: when or signed notes amounting to $800, and over, and fraudulent. the son applied for further aid, and the father bought the goods, and paid him $1,000 additional, this would be a good sale. Even if the son was in debt the plaintiff had a right to purchase the goods to secure himself. If plaintiff actually paid one thousand dollars, and assumed to pay the W. Martin notes, and released indebtedness against his son, the sale would be valid, even if J. B. Sweet, Jr., was in failing circumstances, and the plaintiff knew it."

The court gave this instruction with the following modification: "That the sale would be valid unless the plaintiff accepted of the bill for the purpose of hindering the creditors of Sweet, Jr., in collecting their claim. If accepted for that

purpose it was invalid, though it also secured to the plaintiff $800 debt, and he paid $1,000 in addition." The plaintiff complains of the modification of the instruction. In our opinion the modification is correct. It is a familiar principle that a purchase of property for the purpose of aiding a debtor to hinder, delay or defraud his creditors, is invalid, notwithstanding the fact that a sufficient consideration is paid.

The plaintiff complains of the entire charge of the court, but does not distinctly point out any objections which are of sufficient importance to authorize a reversal.

V.   The appellee submitted with the case a motion to strike out of appellant's abstract all the purported evidence and to **5. PRACTICE:** affirm the case upon the grounds that the evidence **bill of exceptions: rule of** was not preserved by any bill of exceptions, and **court.** that the rules of court require bills of exceptions to be signed within thirty days from the adjournment of the court, and the certificate of the judge to the evidence was not obtained till after that time.

1.   No transcript has been filed, and hence we have not been furnished any means of determining the first ground of the motion.

2.   It is shown by a certified copy of the records of the court that it adjourned on the 6th day of November. The abstract shows that the judge certified to the evidence on the 10th day of December.   A rule of the court provides that "bills of exceptions may be settled after the adjournment of the term, unless objection be made and entered of record in term, and without such objection the parties will be presumed conclusively to consent thereto.   Within thirty days after the adjournment, the party excepting shall prepare his bill and serve a copy thereof upon the attorney of the opposite party, who shall be deemed to consent to the correctness of the same, unless within ten days thereafter he shall serve amendments upon the attorney from whom he received a copy of the bill, and within ten days thereafter such bill of exceptions shall be settled by the

judge, unless a different manner be agreed to in writing." This rule does not require the bill of exceptions to be settled within thirty days from the adjournment of the court.

Upon the contrary the judge *may* have fifty days from the adjournment of the term within which to settle the bill. The motion must be overruled. For the errors considered the judgment is

REVERSED.