## STATE OF MAINE *vs.* FRANK D. GILMAN.

### Somerset.   Opinion May 7, 1902.

*Double Voting. Elections. R. S., c. 1, cl. IV; c. 4, §§ 13, 25, 72. Stat. 1887, c. 91. R. S., 1841, c. 6.*

1.   Upon an indictment for illegal voting, *held;* that the statutory requirement that a list of voters shall be kept and used at a meeting is directory only, and its omission will not invalidate the proceedings of a town meeting or exonerate a respondent from the penalty of violating the law.

2.   If the use of a check list is not essential, its necessity need not be alleged.

3.   Double voting, which is an offense at common law, may be committed in the absence of a list of voters, both at a meeting where it is not required, or where its use is improperly omitted.

4.   In an indictment for illegal voting, at an annual town meeting for the choice of town officers, it is sufficient if the indictment alleges the meeting is the annual meeting. The words "annual meeting" applied to towns mean the annual meeting required by the statute for choice of town officers.

Exceptions by defendant. Overruled.

Demurrer to an indictment alleging that the defendant at Anson in the county of Somerset on the fifth day of March, 1900, at a meeting for the election of officers of said town of Anson, to wit, at its annual town meeting for the election of the municipal officers of said town, wilfully and unlawfully did cast more than one vote at one balloting, against the peace of the state, and contrary to the form of the statute in such case made and provided.

*G. W. Gower,* county attorney, for state.

*E. N. Merrill,* for defendant.

If more than one vote was cast at the meeting, it is not shown by the indictment that it was such a meeting as to make the act a crime. It is not alleged in the indictment that it was a meeting where a check list was necessary. It must be such a meeting in order to make the act charged an offense. It must also be alleged in the indictment. Not only must it be a meeting at which a check list is necessary, but it must be a legal meeting. For if it was not a legal meeting, legally called and organized and the voting for a legal purpose and legally nominated officers, persons eligible to the office for which they were being voted, then there was no crime committed, even though a dozen votes were cast at one balloting. *State* v. *Bailey,* 21 Maine, 62.

The indictment does not show even that there was a legally called meeting; it does not show for whom the alleged ballots were thrown. It does not show that the voting was for a legal and lawful purpose.

SITTING: WISWELL, C. J., WHITEHOUSE, STROUT, SAVAGE, PEABODY, JJ.

PEABODY, J. This is an indictment found by the grand jury in Somerset county against the respondent, Frank D. Gilman, for illegal voting.

It alleges that Frank D. Gilman, of Anson, in the county of Somerset and state of Maine, on the fifth day of March, A. D. 1900, at said Anson at a meeting for the election of officers of said town of

Anson, to wit: at its annual town meeting for the election of municipal officers of said town, wilfully and unlawfully did cast more than one vote at one balloting, against the peace of the state and contrary to the form of the statute in such case made and provided.

To this indictment the respondent demurred. The demurrer was overruled by the justice presiding, and the case is before the law court on exceptions.

Three objections are raised to the sufficiency of the indictment.

I. There is no allegation that the balloting was at a meeting where a list of voters is necessary.

The indictment is for a statutory offense defined in § 72, chap. 4, R. S., as amended by chap. 91 of the public laws of 1887, which is as follows:

"Sect. 72. At any meeting for the election of any officer, where a list of voters is necessary, whoever wilfully votes before the presiding officer has had opportunity to find his name on said list, or knowing that it is not on it, or wilfully gives any false answer or statement to the municipal officers of towns, cities, or plantations when they shall be previously preparing such list, or presiding at such meeting, in order that his name or the name of any other person may be entered on such list, or his vote or that of another be received; or casts more than one vote at one balloting; or is disorderly at such meeting, forfeits for each offense not exceeding one hundred dollars, nor less than ten dollars."

The history of this statute shows that in the revision of 1841, four sections of chapter 115 of the statutes of 1821 were condensed into one section. Of these § 16 originally related solely to the offense charged in this indictment. It was as follows:

"Sect. 16. Be it further enacted, that if any person at any meeting for the choice of town officers, shall knowingly give in more than one vote or list, for any officer, or list of officers then voted for at such meeting, he shall forfeit and pay a fine not exceeding one hundred dollars."

The present statute, continued with verbal amendments not affecting this case, through the various revisions, is substantially the consolidated § 63, chap. 6 of the revised statutes of 1841. It defines

several offenses essentially connected with the list of voters, and in respect to these the list constitutes an element thereof; but the two offenses, one being that charged in the indictment, defined in said statute after the word "received" and the semi-colon following, have no logical connection with the voting list.

Double voting, which was an offense at common law, may be committed in the absence of a list of voters, both at a meeting where it is not required, or where its use is improperly omitted.

By § 13, chap. 4, R. S., a list of voters at a town meeting for election of municipal officers is not required unless demanded by one-third of the voters present. But § 25, chap. 4, R. S., at meetings for the choice of governor, senators, representatives and other public officers requiring like qualifications in the electors, directs that the selectmen, or other officers presiding, shall keep and use a check list at the polls during the election of any such officers.

The statutory requirement that a list of voters shall be kept and used at a meeting is directory only, and its omission will not invalidate the proceedings of a town meeting or exonerate the respondent from the penalty of violating the law. If the use of the check list is not essential, its necessity need not be alleged. *State* v. *Bailey,* 21 Maine, 62.

II.  The indictment does not allege the name of the person for whom the votes were cast. The offense is in voting more than once at one balloting and not in voting more than once for the same person or persons. The presumption is that the ballots designated the persons and the offices, and they need not be named in the indictment. *State* v. *Welch,* 21 Minn. 22 ; *State* v. *Minnick,* 15 Iowa, 123 ; *Steinweir* v. *State,* 5 Sneed, 586.

III.  The indictment does not allege that it was a legal meeting. It does not so allege in terms, but it is sufficient if the language necessarily indicates a meeting called and held according to law. The words "annual meeting" applied to towns mean the annual meeting required by law for choice of town officers. R. S., chap. 1, cl. IV.

The allegation in the indictment is that the wilful and unlawful acts of the respondent were "at a meeting for the election of officers of said town of Anson, to wit: at its annual town meeting for the election of municipal officers of said town."

Such meetings are regulated by the laws of the state, and are judicially known to the courts. We think that the designation of such a meeting alleges with sufficient distinctness the statutory meeting of the town for the election of municipal officers. 2 Whart. Prec. 1021 ; *State* v. *Symonds,* 57 Maine, 148 ; *State* v. *Boyington,* 56 Maine, 512 ; *State* v. *Marshall,* 45 N. H. 281, and cases cited ; *Com.* v. *Silsbee,* 9 Mass. 416 ; *State* v. *Minnick,* 15 Iowa, 123, supra.

*Exceptions overruled.*

*Respondent has leave to plead over.*