## BRADLEY v. FRASER.

1. **Justice of the Peace:** JURISDICTION: RESIDENCE OF DEFENDANT. A resident of one county in this state, who removed with his family to another county for a temporary purpose, and with the intention of returning when such purpose was accomplished, was held to have remained a resident of the former county, for the purpose of determining the jurisdiction of a justice of the peace in an action against him, under section 3507 of the Code.

*Appeal from Clayton Circuit Court.*

THURSDAY, JUNE 24.

THE plaintiff commenced a suit in attachment against Jacob Bach, before a justice of the peace in Clayton county, and Bach was personally served with notice in said county. On the return day, judgment by default was rendered against Bach for $50.80, and costs. The attachment was served by the garnishment of D. D. Fraser, on whose answer judgment was rendered against him as garnishee for $50.80 and costs, and costs of garnishment. The garnishee appealed to the Circuit Court. The appeal was tried to the court and the facts were found as follows:

"June 1st, 1878, Bach was a resident of Buchanan county, Iowa, when he went to McGregor, Clayton county, Iowa, with his family, to build a school-house under a contract. He finished the job December 18, 1878, when he returned with his family to Buchanan county, where he has ever since resided. Bach brought his family with him to enable him to board the hands at work on said job, and from the first of June until some time in November, Bach kept house and boarded said hands in McGregor, and afterwards, up to the day this suit was commenced, he and his family and hands boarded at a hotel in McGregor. Bach came from Buchanan county to do said job, intending to return as soon as the job should be finished, and during the time he was in McGregor he held this intention and regarded Buchanan county as his residence and home, and his stay in McGregor as temporary.

"The garnishee admits that he is idebted to Bach in a sum exceeding the amount of the judgment, but claims that the judgment against him is void because he was an actual resident of Buchanan county at the time the suit was commenced.

"These are all the facts on which this court renders judgment against the garnishee for the amount of the judgment against Bach."

The defendant appeals.

The court, in vacation, made and caused to be filed an additional finding of facts, but this we cannot consider.

The judge certifies that the cause involves a question of law, on which it is desired that the opinion of the Supreme Court be had, to-wit: "Under the facts found by the court, was the defendant Bach an actual resident of Buchanan county, at the commencement of this suit within the meaning of § 3507 of the Code?"

*L. O. Hatch*, for appellant.

*Robert Quigley*, for appellee.

Bradley v. Fraser.

DAY, J.—Section 3507 of the Code provides: "The juris-
diction of justices of the peace, when not specially restricted,

**1. JUSTICE of the peace: jurisdiction: residence of defendant.** is co-extensive with their respective counties, but does not embrace suits for the recovery of money against actual residents of any other county." *
* * *. On the 1st day of June, 1878, Bach was a resi-
dent of Buchanan county. Did he, because of the existence
of the facts found by the court, cease to be an actual resident
of that county? He went to Clayton county, with his family,
to build a school-house under a contract, intending to return
as soon as the job was finished, and during the time he was
in Clayton county he held this intention and regarded Bu-
chanan county as his residence and home, and his stay in
McGregor as temporary. Under these circumstances, he con-
tinued, in the most enlarged sense of the term, a resident of
Buchanan county. If he had returned there on election day,
we entertain no doubt that he would have been entitled to
vote. This he could do upon no other theory than that
during his absence he had all the time continued a resident
of the county. Upon this subject see *Church v. Crossman*,
49 Iowa, 444, in which a similar statute of New York is con-
strued, in which it is said: "We think that the term *resides*,
as used in the above statute, means a permanent and fixed,
and not a mere transient or temporary, abode, and that it does
not essentially differ from the word domicile." See, also,
*Hinds v. Hinds*, 1 Iowa, 36, and *Vanderpoel v. O'Hanlon*,
53 Iowa, 246. Bach, notwithstanding his temporary stay in
Clayton county, continued to be an actual resident of Bu-
chanan county. Under § 3507 of the Code, the jurisdiction
of a justice of the peace of Clayton county did not extend to
him.

REVERSED.