FITZGERALD v. AREL.

1 **Words and Phrases:** "RESIDENCE" AND "DOMICILE." The terms "residence" and "domicile" are not necessarily the same. The first is used to indicate the place of dwelling, whether permanent or temporary; the second, to denote a fixed, permanent residence, to which, when absent, one has the intention of returning.

2. JURISDICTION OF JUSTICES OF THE PEACE: ACTUAL RESIDENCE OF DEFENDANT: FACTS CONSTITUTING. Where one rents a house and sets up house-keeping with his family in a certain county, with the design of remaining there until he has completed a certain job of work, he becomes an actual resident of that county, and, under section 3507 of the Code, an action for the recovery of money may be maintained against him before a justice of the peace of that county, notwithstanding his

domicile may be in another county, to which he intends to return upon the completion of the job. *Love v. Cherry*, 24 Iowa, 204, and *Bradley v. Fraser*, 54 Id., 289, distinguished.

## Appeal from Palo Alto Circuit Court.

### Friday, March 21.

Action upon a due bill for $58.80, brought before a justice of the peace of Palo Alto county. The defendant moved to dismiss, on the ground that he was not a resident of Palo Alto county. He supported his motion by an affidavit made by himself, showing that he was a contractor upon a railroad which was in process of construction; that he had resided in Des Moines county for seven years; that he was absent from Des Moines county only for the purpose of constructing the railroad; and that he expected to return to Des Moines county as soon as the job upon which he was at work should be completed. The affidavit also showed that, while it was true that he had rented a house in Palo Alto county, in which he was living and keeping house with his family during the time that he was performing his contract in the construction of the railroad, his family would return with him to Des Moines county when his contract should be completed. The justice held the affidavit to be insufficient to show that the defendant was not a resident of Palo Alto county, and overruled the motion to dismiss, and rendered judgment for the plaintiff. Thereupon the defendant removed the case to the circuit court upon a writ of error, and the circuit court reversed the judgment of the justice of the peace, and rendered judgment against the plaintiff for costs. The plaintiff appeals.

*John Jensvold, Jr.*, for appellant.

*C. E. Cohoon*, for appellee.

Adams, J.—Three questions are certified, but, as the determination of one of them will make a final disposition of the case, we deem it sufficient to determine that one. The ques-

tion is in these words: "Upon the affidavit as to residence, is defendant a resident within, and subject to, the jurisdiction of the justice of the peace before whom the case was brought?".

The jurisdiction of justices of the peace, when not specially restricted, is co-extensive with their respective counties. Code, § 3507. This provision is qualified by the exception that their jurisdiction "does not embrace suits for the recovery of money against actual residents of any other county." In determining whether the justice of the peace in the case at bar had jurisdiction, we have to determine whether the defendant was an actual resident of any other county. He contends that he was an actual resident of Des Moines county. His theory that he was such resident is not based upon the fact that either he or his family was actually living in Des Moines county at that time, (for the affidavit shows that they were living in Palo Alto county,) but upon the fact that they intended, when defendant's contract should be completed, to return to Des Moines county. Whether the word "resident," as used in the statute in question, should have precisely the same meaning as in statutes providing for the settlement of paupers, or for the exercise of the right of suffrage, or for taxation, we need not determine. In the statute in question, the word "actual" is used to qualify the word "resident," and, besides, the manifest object of a statute may often be allowed some influence in its construction.

Proceeding, then, with our inquiry, we have to say that it does not necessarily follow that the defendant was an actual 1. WORDS and resident of Des Moines county because his domi-phrases: "residence" cile was in that county. Residence and domicile and "domi-cile." are not necessarily the same. 2 Kent's Com., 431, note; *Love v. Cherry*, 24 Iowa, 204; *Cohen v. Daniels*, 25, Id., 88. In the latter case, BECK, justice, said: "The distinction between the import of the terms *residence* and *domicile* is obvious. The first is used to indicate the place of dwelling, whether permanent or temporary; the second, to denote a fixed,

permanent residence to which, when absent, one has the intention of returning." The distinction here noted is the same as is sometimes made between *actual* residence and *legal* residence or inhabitancy. In *Crawford v. Wilson*, 4 Barb., 522, the court said: "The actual residence is not always the legal residence or inhabitancy of a man. A foreign minister actually resides, and is personally present, at the court to which he is accredited, but his legal residence or inhabitancy and domicile are in his own country." See also, in this connection, *Shelton v. Tiffin*, 6 How., 185, and 2 Parsons on Cont., 578. In our opinion, whenever a man buys or hires a house and sets up house-keeping with his family, with the design of remaining there until he has completed a certain job of work, he becomes an actual resident of that county within the meaning of the statute in question, and that, too, notwithstanding his domicile may be in another county, to which he intends to return upon the completion of the job. The object of the statute depriving justices of the peace of jurisdiction over actual non-residents of the county, was, doubtless, to secure persons against annoyance from suits where they could not conveniently remain to defend. But this reason can not be presumed to apply, where a person is sued in a county in which he has set up house-keeping with his family.

2. JURISDICTION of justices of the peace: actual residence of defendant: facts constituting.

We are aware that it was said in *Love v. Cherry*, above cited, that the plaintiff might have two residences at the same time, a residence in Iowa and a residence in Texas, and it was held that she might be sued before a justice of the peace in the county of her residence in Iowa, while actually in Texas. It has been frequently said that a person may have more than one residence, and we have seen that a person may have an actual residence in one place and a legal residence in another. *Crawford v. Wilson*, above cited. But it is certain that, if, in *Love v. Cherry*, Mrs. Love had an actual residence in Texas, she could not be sued before a justice of the peace in Iowa, because that would have been in express contravention of the

statute.   If Mrs. Love, then, was supposed to have had a resi-
dence in Texas, it could not have been supposed to have been
an actual residence within the meaning of the statute.   The
fact appears to be that Mrs. Love had purchased a dwelling
house at the place of her Iowa residence, to-wit, Mount Pleas-
ant, and had moved into it with her daughter and daughter's
family, with whom she lived.   She went to Texas on business,
leaving behind her her furniture, a part of her clothing, and
the family of which she had become a member, and intend-
ing to return.   So far, it would seem to be clear that her ac-
tual residence remained at Mount Pleasant.   The only evi-
dence tending to show otherwise was her testimony that,
while in Texas, she took out letters of administration upon
an estate, and, in order to do so, she was obliged to "take up
her residence there."   But her design of returning does not
seem to have been abandoned.   That case differed from the
one at bar in this, that the family to which Mrs Love had at-
tached herself as a member, and her furniture, and part of
her clothing, remained behind her at her Iowa residence.
Service of original notice in the case was made upon her by
a service upon her daughter, as a member of her family, be-
ing the family to which she attached herself at Mt. Pleasant.
In the case at bar, the defendant took his family with him.
We think that this case is not controlled by *Love v. Cherry*,
and that the court below erred in holding that the justice of
the peace did not have jurisdiction.

REVERSED.

### SUPPLEMENTAL OPINION.

THE appellee, in a petition for rehearing, calls our atten-
tion to *Bradley v. Fraser*, 54 Iowa, 289, and insists that,
while the facts in that case are not precisely like the facts in
this, the difference is not such as to justify a difference in
ruling.

The specific question to be determined is, as to whether
the defendant was an actual resident of Des Moines county

or of Palo Alto county. It is not easy, perhaps, to lay down a rule by which it can be determined in all cases whether a person is an actual resident of a given county, when it is conceded that he has a legal residence in another county. But, if a person who, having a legal residence in one county, goes into another, and there hires a house, and sets up house-keeping therein with his family, with the intention of remaining there until he has completed a certain job of work, does not become an actual resident of the latter county, it would be difficult to suppose a case of actual residence in one county, where the legal residence is in another. The appellee does not contend that we should put a construction upon the statute which would eliminate the word "actual," and make a person suable before a justice of the peace only in the county where he can vote; yet his reasoning would lead to such result; and it is difficult to see how we could affirm this case without substantially so holding. But we must allow force to be given to every word of a statute, so far as it can be done consistently; and it not only can be done in this case, but, as we have already seen, there is a manifest reason for the use of the word "actual." The case of *Bradley v. Fraser* differs from the case at bar in this, that Bach, whose residence was drawn in issue, was not keeping house, but boarding at a hotel. It is true that he had been keeping house, but he had given it up. Whether he was preparing to keep house or not does not appear, and it is not material. Any one can see that that case is distinguishable from this. His arrangement for remaining where he was sojourning was of a more temporary character. In the opinion in that case, it is true, some stress was placed upon the fact that Bach was a voter in Buchanan county. But, while that was not of itself a controlling circumstance, it was entitled to be considered. Bach's legal residence being established in the neighboring county of Buchanan, his actual residence could not be held to be in Clayton county, without such showing of facts as would properly lead to the conclusion that his actual and

legal residence differed. The fact that he was sojourning at a hotel, though he had his family with him, did not lead us to such conclusion. We do not say that a hotel boarder might not, where boarding, have an actual residence as distinguished from a legal residence. His engagements, and the distance from his place of legal residence, might be such as to clothe his sojourn with a considerable degree of permanence. Every case must be determined upon its own facts, and with due regard to the object which the statute was designed to accomplish. The petition for a rehearing must be overruled.