JIM MARGORIS, Appellant, v. UNITED STATES RAILROAD AD-MINISTRATION et al., Appellees.

MASTER AND SERVANT: Service and Compensation—Recovery of Back Pay. In an action by a railway employee, to recover back pay, under General Order No. 27, promulgated by the director general of railways, a petition alleging that he left

the service involuntarily, because he was not able to do the work, shows on its face that he voluntarily left the service, within the meaning of the order that employees should not get certain back pay unless they left the service "voluntarily."

*Appeal from Waterloo Municipal Court.*—W. N. BIRDSALL, Judge.

OCTOBER 25, 1919.

ACTION at law by plaintiff, to recover certain back pay. There was a demurrer to the petition, which was sustained. The plaintiff appeals.—*Affirmed.*

*H. E. Tuller,* for appellant.

*Pickett, Swisher & Farwell,* and *Sargent & Gamble,* for appellees.

PRESTON, J.—Plaintiff was paid his regular wages, but claims back pay for the months of January, February, and March, 1918, by virtue of General Order No. 27, promulgated by the director general on May 25, 1918, but relating back to January 1, 1918, as to certain classes of employees. The petition alleges that, prior to January 1, 1918, plaintiff was an employee in the railroad business of the Chicago, Rock Island & Pacific Railroad Company, and of the director general, on and after January 1, 1918, to April 1, 1918; that plaintiff left the service of the defendant involuntarily, he not being well, and not physically able to continue the work assigned him; that the particular part of General Order No. 27 relied on is as follows:

"The wage increase provided for herein shall be effective as of January 1, 1918, and are to be paid according to the time served to all who were then in the railroad service or who have come into such service since and remained therein. The proper ratable amount shall also be paid to those who have been for any reason since January 1, 1918, dismissed from the service, but shall not be paid to those

who have left it voluntarily. Men who have left the railroads to enter the army or navy shall be entitled to the pro rata increases according to their wages up to the time they left, and the same rule shall apply to those who have passed from one branch of the railroad service or from one road to another."

Plaintiff relies on the above to show that he left the service in such a manner as to still be entitled to back pay. The demurrer was on the ground that the petition shows on its face that plaintiff was not dismissed from defendant's service, but voluntarily left the same on account of physical disability, and it is not alleged that he left to enter the military or naval service, or that he at any time re-entered the service of this or any other railroad. Plaintiff is not entitled to recover unless he alleges facts which bring him within some of the classes enumerated in that part of the order before set out, and relied upon by him. Unless he does so, he does not state a cause of action. The petition does not allege that plaintiff was dismissed from the service before the order was promulgated, or that he left the service to enter the army or navy, or that he passed from one branch of the railroad service to another, or from one road to another, or that he was in the service of the director general at the time the order was promulgated. The petition does allege that plaintiff left the service involuntarily, because he was not able to do the work; but, as said, it does not allege that he was dismissed.

Much of the argument is directed to the question as to whether, under the allegations of the petition, he left the service voluntarily or involuntarily. Appellant contends that, since he left the service by reason of physical disability, he cannot be held to have left voluntarily; while appellee contends that, not having been dismissed, the plaintiff left the service voluntarily, within the meaning of the order, even though he was not able to perform the work;

and that, in any event, he was not dismissed, and therefore does not come within any class mentioned in the order.

Many definitions of the word "voluntarily" are given, but it seems that the definition most generally accepted, when the word is used in its ordinary sense, is, "spontaneously, of one's own free will, without being moved, influenced or impelled by others." 40 Cyc. 220; *Kearney v. Fitzgerald*, 43 Iowa 580, 586; *Dunshee v. Standard Oil Co.*, 165 Iowa 625, 637. Taking the word therefore, in its proper sense, we think plaintiff must be held, under the allegation of his petition, to have left the service of the railroad company voluntarily, even though he did so because of physical disability. Furthermore, we think that the words "but shall not be paid to those who have left it voluntarily," in the latter part of the sentence, were intended and used by way of emphasis, or as a negative to the preceding part of the sentence, providing for the payment of wage increases to those who have, for any reason, been dismissed from the service. This being so, the plaintiff, not having been dismissed, must be held to have left the service of defendant voluntarily. It is contended by appellant, and not disputed by appellee, that, in construing and interpreting a statute, the object to be reached must be considered, and the court should give effect to the real purpose and intent of the legislature, as embodied in the statute. The argument is that, because of the war, and the difficulty of getting additional help from other employments, it was intended by the director general to stimulate loyalty to the railroads by rewarding employees who remained with the railroads by increased pay. But the matters referred to are not helpful. It is, of course, true that it was the intention to give back pay to certain employees under certain conditions. The conditions are stated in the order, which, as we understand, was agreed upon by the director general and by the brotherhoods and the employees generally, and adopted by the wage

board. We may not, of course, make any different order. We conclude that the ruling of the trial court was right, and it is, therefore,—*Affirmed.*

Ladd, C. J., Evans and Salinger, JJ., concur.