M. SHILOFF GROCERY COMPANY, Appellant, v. H. EBERLINE et al., Appellees.

**CONTRACTS:** Consideration—Mutual Benefits. An oral modification
1   of an executory written contract between an employer and his employee, by substituting *quarterly* settlements for the *annual* settlement of compensation provided for in the contract, is supported by a sufficient consideration when made for the purpose of inducing the employee to remain in the employment.

**TRIAL:** Instructions—Failure to Instruct on Nonpresented Proposition.
2   Error may not be predicated on the failure of the court to instruct that a consideration was essential to support an oral modification

of a written contract, when such point was in no wise brought to the attention of the trial court.

**CONTRACTS: Construction—Special Compensation "Per Quarter."** A
3 contract which, in substance, provides a special and additional compensation per quarter for an employee if he remains in the .employment, does not authorize a recovery by the employee for a *fractional part* of a quarter.

Headnote 1: · 26 Cyc. p. 972.  Headnote 2:  3 C. J. p. 850; 38 Cyc. p. 1693.  Headnote 3:  26 Cyc. p. 1034.

*Appeal from Woodbury District Court.*—R. H. MUNGER, Judge.

FEBRUARY 17, 1925.

ACTION at law upon a promissory note and upon an account. The answer was a general denial and a counterclaim. The jury allowed the plaintiff the full amount of the account sued on, and also allowed a substantial amount upon the defendants' counterclaim, and found a substantial balance in favor of the defendants. From a judgment thereon, the plaintiff appeals.—*Affirmed on condition.*

*Baron, Ryan & Baron,* for appellant.

*A. H. Bolton,* for appellees.

EVANS, J.—The note sued on by plaintiff was for $25, and the account sued on was for $141.94. The defendants pleaded payment of the note and the jury sustained this defense. The defense to the account was not pressed on the trial, and the jury allowed the full amount thereof. We are not concerned with either of these items on this appeal, in that no error is predicated upon this branch of the case. The real·controversy here is over the defendants' counterclaim.

1. CONTRACTS:
consideration:
mutual benefits.

It appears that the plaintiff was engaged in the general grocery business in Sioux City, and that, as an adjunct thereto, he operated a butcher shop. The defendant H. Eberline was employed by him as butcher, and was put in charge of that part of the business. The controversy arose in the second year of de-

fendant's employment by plaintiff. The first year's employment began April 1, 1921. At the end of that year, settlement was had between the parties, and the employment was continued. In April, 1922, however, the contract of employment was reduced to writing. This provided that the plaintiff was employing the defendant from month to month at $35 per week, which purported to be full payment and compensation for his service, with this further proviso:

"* * * provided however, that if the said employment shall have continued satisfactorily for the balance of said year, then and in that event, first party agrees to pay to second party, as additional compensation, an amount equal to one half of the net profits of the meat business for the year 1922, * * *"

The defendant quit the service of the plaintiff on August 14, 1922. By his counterclaim the defendant claimed a recovery from the plaintiff for one half of the profits of the business accruing since April 1, 1922. He pleaded the written contract, and alleged that the same had been subsequently modified orally, to the effect that settlement for profits should be made quarterly, instead of annually.

The defendant was permitted to prove: (1) The amount of net profits for the quarter ending July 3, 1922; (2) the amount of net profits from July 3 to August 14, 1922.

The principal error assigned here pertains to the alleged oral modification of the written contract.

I. The plaintiff's most important contention is that the alleged oral modification of the contract was void and of no effect, because it was wholly without consideration. The plaintiff predicates this error upon the general rule that an oral modification of a written contract, in order to be valid, must have the support of a consideration; that, where the alleged oral modification consists wholly of benefit to one party and burden to the other party, it is without consideration.

Is this rule applicable to this record?

The employment of the defendant purported to be from month to month, at a fixed compensation, with a further conditional proviso. The written contract imposed no obligations upon the defendant to continue for any fixed time. He was at liberty, under the contract, to quit at any time, either with or

without good reason. The proviso in the contract simply held out an inducement to him to continue his employment throughout the fiscal year. The substance of his testimony is that he was dissatisfied with the form of the proviso in the written contract, and that, within a few days after it was entered into, he had decided to terminate his employment; that, in order to induce him to continue, the plaintiff orally agreed to a modification of the proviso in the manner already indicated. Was this a sufficient consideration to support the oral modification?

The written contract was .executory. The proviso thereof imposed no obligation ·upon the defendant. It operated upon him only as an inducement to continue his employment until the close of the year. If it became insufficient as such inducement, the defendant had complete liberty .of action to discontinue his employment. It was permissible to him to declare his purpose to his employer. If, thereupon, the employer chose to increase the inducement, and the defendant chose to continue his employment because of such increased inducement, we see no reason for saying that the promise of the employer lacked consideration. If this promise had been made after the contract of employment had been performed, a different question would be presented. But the promise had reference to a continuation ·of the service, and the service was continued in reliance upon the promise. We hold, therefore, that the oral modification was not invalid for want of consideration.

Some complaint is made because the court failed to instruct the jury that a consideration was essential to the validity of such oral promise. No requested instruction to such effect was presented, nor was the attention of the court direct-

2. TRIAL: instructions: failure to instruct on nonpresented proposition.

ed in any way to this particular subject. The plaintiff objected to the defendant's evidence on the subject only on the ground that it sought to vary a written agreement. The objection was not predicated in terms upon a want of consideration. Whether, in any event, it would have been proper for the court to submit this question to the jury upon proper request, we need not determine. Whether the oral agreement was in fact made, is in dispute, the testimony of the respective parties being in sharp conflict thereon. The defendant has substantial corroboration in the fact that

the parties did get together on July 3d and strike a balance and fix the amount of profits for the preceding three months. We hold that the issue was for the jury, and that it was submitted in proper form.

II. Was there sufficient evidence of the amount of the net profits of the quarter ending July 3d to warrant a finding for the defendant by the jury?

Each of the parties kept a book. A comparison of their books on July 3d disclosed complete agreement between them upon all items, and it was stipulated in the record that the net profits for such quarter were $895.21. This of itself answers our question.

III. The defendant, however, was permitted to introduce purported proof of the profits for the six weeks following July 3d, ending on August 14th. All such evidence was received subject to proper objections by the plaintiff. This evidence was submitted to the jury under instruction permitting an allowance to the defendant for alleged profits for such period following July 3d. In this regard, there was manifest error; and this is so for several reasons.

3. CONTRACTS: construction: special compensation "per quarter."

(1) The oral agreement pleaded and proved by the defendant contemplated the allowance of profits only for a completed *quarter* of service on his part. Such was the inducement held out to him. He did not complete the quarter following July 1st, and was not entitled to cast profits upon a fraction thereof.

(2) The testimony of the defendant on this question was very objectionable in form. It purported to be secondary evidence, the purported foundation of it being the loss of his own book. His evidence, however, did not purport to state the contents of the book, even in substance. He simply made a guess that the profits would amount to $450. It further appeared that the plaintiff's books were in court, and were submitted to the defendant for his guidance. He testified, in substance, that such books showed a profit of more than $450. He refused to introduce the books in evidence. The books were introduced by plaintiff. They were wholly contradictory to the testimony of the defendant as to their contents. They disclosed no profit,

but, on the contrary, a loss of $371. The defendant's original counterclaim claimed nothing for such period of six weeks. At the time he gave his testimony, he had no pleading on file claiming such profits. At the close of the evidence, he amended his counterclaim by adding thereto a claim for the alleged profits for the final six weeks. This pleading purported to be filed to conform with the evidence.

The objections to the defendant's evidence at this point should have been sustained, and this item of his claim should not have been submitted to the jury.

IV. The jury allowed the plaintiff's claim on account to the amount of $151.48. It also found a general verdict for the defendant for a balance of $388.52. This means that the jury found for defendant upon his counterclaim to the amount of $540. The verdict necessarily involved a finding that the oral modification of the written contract was proved. This being so, the defendant was entitled to recover on his counterclaim one half of $895.21, with accruing interest. From this amount, the sum of $151.48 should have been deducted. The defendant should have had a general verdict for the balance. This computation is based upon the finding of the jury as to the amount due the plaintiff, and upon the stipulation of the parties as to the amount of net profits for the quarter ending July 3d. Nothing should have been allowed defendant as profits for the period following the first quarter. If the defendant shall, within 30 days from the filing hereof, file in this court a remittitur of that part of his judgment in excess of the final balance here indicated, the judgment will be affirmed, as so modified; otherwise it will be reversed.—*Affirmed on condition; otherwise reversed.*

FAVILLE, C. J., and ARTHUR and ALBERT, JJ., concur.