HUGHESTON GAS COAL CORPORATION *v.* H. PETE HAMILTON, *Justice, etc., et al.*

(No. 8160)

Submitted September 10, 1935. Decided September 24, 1935.

*E. M. Showalter,* for petitioner.
*A. B. Hodges,* for respondents.

KENNA, JUDGE:

The Hugheston Gas Coal Corporation brought this proceeding in prohibition against H. Pete Hamilton, justice of the peace of Marion County, and Charles Hodges. The petition alleges that Charles Hodges had, for a number of years, been an employee of the petitioner in the capacity of bookkeeper and auditor under a contract of employment at a stipulated salary; that he resigned January 2, 1935, and that at that time the petitioner was in arrears in the payment of his salary; that on the 31st day of January, 1935, Hodges brought nine separate suits against the petitioner before Hamilton, eight of them for $175.00 and the other for $295.00; that on the 9th day of February, 1935, the return day of all of the summonses, petitioner appeared and moved the justice to dismiss the several actions on the ground that the justice was without jurisdiction to try them because the aggregate amount involved in all the suits was one indivisible claim exceeding the amount of which the justice had jurisdiction, and that the motions were overruled; that on the 18th day of February, 1935, the case brought for $295.00 was tried before

the justice and a judgment rendered for the sum of $195.00; that thereafter, the petitioner filed its plea of *res judicata* in the other eight suits, but that notwithstanding the pleas, which set up the judgment in the first suit, the justice rendered judgment against the petitioner in all of the remaining suits. The petition alleges that the claim of Hodges was one indivisible claim for arrearages in salary over a period of years, and, therefore, that the petitioner was entitled to have its motion to dismiss all of the cases sustained, since the indivisible claim exceeded the jurisdiction of the justice, and if not, that it was entitled to have a finding in its favor on its several pleas of *res judicata.*

Hodges answered the petition stating that the salary sought to be recovered in his suits was for the period from March 9, 1934, to December 31, 1934, and that the salary was at the rate of $175.00 a month. His first suit covered salary from March 9, 1934, to May 1, 1934, the remaining suits being for one month's salary each. The replication to this answer states that in July, 1934, it was agreed that Hodges was to receive a salary of $125.00 a month, $50.00 each month to be paid by the Mountain City Drug Company.

The answer of Hamilton states that no evidence was offered by the defendant in the eight suits remaining to be disposed of after the trial of the first, and that therefore there was nothing for him to do but to render judgments. Hodges filed a rejoinder denying and replying generally to each of the allegations in the petitioner's special replication.

In addition to the foregoing pleadings, a stipulation of fact is filed here by which it is agreed that Hodges was in the employ of the petitioner as bookkeeper and auditor under a contract made in the usual method as to such employment, with a stipulated monthly salary, varied in amount from time to time, and payable at the end of each month, and that there was no agreement between the parties to the contract as to the length of time the employment would continue.

Matter pleadable as *res judicata* is not, as such, the proper subject matter for a petition for prohibition. *United Security Bank & Trust Co.* v. *Superior Court of California in and for Orange County and others*, 205 Cal. 167, 270 Pac. 184; *City*

*of Pasadena* v. *Superior Court in and for Los Angeles County,* 92 Cal. App. 523, 268 Pac. 664. We are therefore of the opinion that the case must be considered on the question raised by the petitioner's motion to dismiss based on the theory that the claim of Hodges is not severable, or, in other words, can not be split, and that since, in the aggregate, the judgments rendered exceed $300.00, the justice had no jurisdiction to entertain the cases. It is true that it is stated in the justice's answer to the petition that no proof was heard before him, and that consequently there was nothing for him to do but to render judgments. Regardless of the justification that might have existed in the eyes of the justice for his rendering judgment in all of the cases, we believe that under the authority of our West Virginia holdings, the question of the justice's jurisdiction of the amount in controversy does not necessarily rest upon proof offered before the justice. In *Bodley* v. *Archibald,* 33 W. Va. 229, 10 S. E. 392, the defendant did not appear before the justice, judgment there was rendered against him, he appealed and permitted his appeal to be dismissed in the circuit court. Nevertheless, this Court awarded a writ of prohibition on a showing that the plaintiff's demand in fact was his *pro rata* share of an indivisible joint demand which exceeded the jurisdiction of the justice of the peace. The same principle was applied in *Telephone System* v. *Feltner,* 87 W. Va. 71, 104 S. E. 406, where the defendant was prohibited from filing before a justice a fictitious counterclaim so that the appealable amount would be involved in the suit. Prohibition was awarded on a showing in that proceeding that the counterclaim was fictitious, although no proof to that effect had been taken on the counterclaim before the justice.

The decided cases seem to sustain the proposition that a demand for salary due accruing under a single contract of employment, although the salary may be payable monthly, is an indivisible claim and can not be split into separate demands for the monthly installments. This is so under cases that hold that a judgment for a part of the salary may be pleaded as *res judicata* in a suit for the balance that was due when the first suit was brought. *Grant* v. *Parker-Russell*

*Mining & Manufacturing Co.,* (Mo. App.) 65 S. W. (2d) 143; *Stradley* v. *Portland Cement Co.,* 228 Pa. 108, 77 Atl. 242, 139 Am. St. Rep. 993; *Smith* v. *Cashie & Chowan Railroad & Lumber Co.,* 142 N. C. 26, 54 S. E. 788, 5 L. R. A. (N. S.) 439; *Rosenmueller* v. *Lampe,* 89 Ill. 212, 31 Am. Rep. 74; *Hughes* v. *Dundee Mortgage & Trust Investment Co., Ltd.,* 26 Fed. 831; *Townsley* v. *Niagara Life Ins. Co.,* 218 N. Y. 228, 112 N. E. 924. But upon the showing by this record, there is confusion as to whether the salary demand constitutes one indivisible claim or not. Hodges' answer asserts that his salary was payable at the rate of $175.00 per month. The replication of petitioner to this answer states that in July, it was agreed that Hodges' salary should thenceforth be $125.00 per month, and that $50.00 of this amount should be paid by the Mountain City Drug Company. The stipulation filed in the case states that the amount of Hodges' salary was varied from time to time without stating when it was varied or the period covered by the various amounts agreed to. While it is true that under the cases cited, the claim for salary under a single contract of employment is an indivisible demand, it is likewise true that if the amount of salary is changed, a new contract may result as often as such changes are made. *M. Shiloff Grocery Co.* v. *Eberline,* 199 Iowa 562, 202 N. W. 86; *Norton* v. *Inhabitants of Town of Brookline,* 181 Mass. 360, 63 N. E. 930; *Spicer* v. *Earl,* 41 Mich. 191, 1 N. W. 923, 32 Am. Rep. 152. Since we regard the allegations of the petition, of the answer and of the special replication of Hodges' answer, and the matter established by the stipulation filed in the case as confusing the question of whether Hodges' demand is divisible, and, if so, to what extent, we are of opinion that petitioner has failed to make that clear showing which alone justifies the issuance of the writ of prohibition. *State* v. *O'Brien,* 100 W. Va. 163, 130 S. E. 111. The case just cited is authority also for the proposition that this Court will adopt the construction which sustains, rather than that which destroys, jurisdiction.

Therefore, the writ will not issue.

*Writ denied.*