WILBUR W. KOLLMAN, Appellee, v. KENNETH McGREGOR, Appellant.

No. 47521.

(Reported in 39 N.W. 2d 302)

OCTOBER 18, 1949.

John R. Cronin, of Nashua, for appellant.

Larson & Carr, of Charles City, for appellee.

GARFIELD, J.—█ I. Defendant first complains of the denial of his motion, filed pursuant to Rule 175, Rules of Civil Procedure, to change the action to Chickasaw County which he claims was the county of his residence when the action was commenced. Section 616.17, Code of 1946, requires that personal actions, except as otherwise provided, be brought in the county where defendant actually resides. The question presented by the motion was whether defendant actually resided in Chickasaw County or in Floyd County where the action was brought.

In support of his motion for the change defendant made affidavit he was a resident of Nashua, Chickasaw County, residing at the Kirkland hotel there, at the time the original notice was served. In resistance to the motion plaintiff's attorney made counter-affidavit he was familiar with the facts because of his investigation; that at all times material hereto defendant has been a resident of Floyd county; he owns and operates a farm near Nashua but within Floyd county; sometime recently the home on that farm was destroyed and defendant thereupon stayed in the hotel at Nashua temporarily until he could arrange for a place to live on his farm.

Defendant's motion and plaintiff's resistance thereto were submitted solely upon these two conflicting affidavits without testimony or argument. The trial court apparently found the facts as stated in the counter-affidavit and denied the change. There is insufficient ground for a reversal of this ruling.

It is conceded defendant was staying at the hotel in Nashua when suit was started. Aside from this fact defendant's affidavit consists merely of his conclusion Nashua was his place of residence. Facts stated in the counter-affidavit support the conclusion defendant's stay in the Nashua hotel was only as a temporary sojourner. Defendant made no attempt to meet the counter-affidavit. It is unlikely a farmer's residence would be in a hotel in a small town.

If defendant's permanent residence was in Floyd county and his absence therefrom to stay in the hotel at Nashua was merely temporary until he could arrange a place to live on his farm, and we cannot say these are not the facts, the trial court was warranted in holding defendant was an actual resident of Floyd county.

It is true there is a distinction between "legal residence" and "actual residence." The latter may be more temporary in character. Ludlow, Clark & Co. v. Szold, 90 Iowa 175, 179, 57 N.W. 676. And we have said in distinguishing "residence" and "domicil" that the former indicates the place of dwelling, which may be either permanent or temporary. In re Estate of Titterington, 130 Iowa 356, 358, 106 N.W. 761; Salem Independent Sch. Dist. v. Kiel, 206 Iowa 967, 969, 221 N.W. 519. See also 17 Am. Jur., Domicil, section 9.

However, a person is not necessarily an actual resident of a place where he is a mere temporary sojourner. In Bradley v. Fraser, 54 Iowa 289, 6 N.W. 293, a resident of Buchanan county went to Clayton county to construct a schoolhouse, taking with him his family to enable him to board his employees and for nearly six months rented a house for that purpose. Afterwards he, his family and employees boarded at a hotel in Clayton county. During such time he was sued before a justice of the peace in Clayton county under what is now section 601.1, Code of 1946, which excludes jurisdiction of the person of "actual residents of any other county." We held the action would not lie because the defendant, "notwithstanding his temporary stay in Clayton county, continued to be an actual resident of Buchanan county."

It is apparent the cited case presented a stronger claim for jurisdiction over defendant's person in Clayton county than defendant has here made for venue in Chickasaw county. While a different statute was there involved, the controlling question there, as here, was the "actual" residence of the defendant for purposes of suit.

Although the factual distinction between Bradley v. Fraser, supra, and Fitzgerald v. Arel, 63 Iowa 104, 16 N.W. 712, 18 N.W. 713, 50 Am. Rep. 733, is perhaps somewhat narrow and opposite results are reached in the two cases, we have adhered to the decision in Bradley v. Fraser. It is cited and quoted from with apparent approval as recently as Ruth & Clark v. Emery, 233 Iowa 1234, 1237, 1238, 11 N.W. 2d 397, 399. It seems controlling here.

An article by Professor Joseph H. Beale in 4 Iowa L. Bull. 3, 7, makes this statement which appears to be justified by our decisions:

"In determining where in a state a suit shall be brought, convenience will certainly incline to an actual residence, irrespective of domicil; and the courts have therefore interpreted the word in this case as meaning an actual dwelling-place, *though this means a settled dwelling-place as distinguished from a temporary resting-place.*" (Italics added.)

■ II. Defendant complains of the overruling of his motion for new trial which asserts the verdict is excessive and without sufficient support in the evidence and that plaintiff was not entitled to recover because his petition does not allege performance by him of the employment agreement.

The facts are not greatly in dispute. Plaintiff's claim is that he was employed in November 1947 for one year at a salary of $2500, payable $150 a month and the balance of $700 at the end of the year if he stayed. Defendant's version is that plaintiff was to receive $150 a month for 18 months with a bonus of $700 for the last 12 months if he stayed. There is ample evidence to support plaintiff's version of the contract and defendant does not contend otherwise.

Plaintiff worked for defendant until discharged by him on July 9, 1948. Defendant does not contend the discharge was induced by incompetence or other fault of plaintiff and there is no evidence to such effect. The jury was so instructed and there was no exception to any instruction. There is no testimony plaintiff voluntarily quit or that the contract was terminable at will by either party.

Plaintiff was paid $150 a month for the time he worked but brought this suit for $449, the portion of the $700 bonus which the time he worked bears to one year. Verdict and judgment were for such amount. Defendant argues under these assigned errors that plaintiff was not entitled to recover any part of the $700 bonus because he did not stay with defendant a year.

Defendant's argument is without merit. Plaintiff's failure to work the full year was due to no fault of his but to his dis-

charge without cause. Defendant prevented plaintiff from working the full year. Plaintiff's petition alleges the discharge was without cause and constituted a breach of the contract.

There is much authority that where an agreement provides for a bonus for continuous service which is terminated by the employer through no fault of the employee the latter is entitled to a proportionate share of the bonus according to the time served. Where, however, the employee voluntarily quits or is discharged for a reason attributable to his own fault, there is no right to recover any part of the bonus. Roberts v. Mays Mills, 184 N. C. 406, 114 S.E. 530, 28 A. L. R. 338, and annotation 346; 56 C. J. S., Master and Servant, section 98, page 530 ("* * * recovery of a proportionate part of the bonus promised is generally permitted in cases growing out of the wrongful discharge of the employee during the specified term * * *."); 35 Am. Jur., Master and Servant, section 80. See also Willoughby Camera Stores v. Commissioner of Internal Revenue, 2 Cir., N. Y., 125 F. 2d 607; Fuller Co. v. Brown, 4 Cir., N. C., 15 F. 2d 672; Montgomery Ward & Co. v. Guignet, 112 Ind. App. 661, 45 N.E. 2d 337, 340.

That an agreement for a bonus for continuous service for a specified time is valid see Scott v. Duthie & Co., 125 Wash. 470, 216 P. 853, 28 A. L. R. 328, and annotation 331; Fuller Co. v. Brown, supra, 4 Cir., N. C., 15 F. 2d 672, 676. See also Shiloff Grocery Co. v. Eberline, 199 Iowa 562, 202 N.W. 86.

Three of our previous cases involve a bonus or additional pay for specified service: Meredith v. Carl Youngstrom Co. (not in Iowa Reports), 205 N.W. 749, 751; Shiloff Grocery Co. v. Eberline, supra; Margoris v. United States R. Admn., 187 Iowa 605, 174 N.W. 371. In each case, however, the employee voluntarily quit during the period for which he was employed and thus forfeited his right to a bonus for such period.

Since we find no reversible error the judgment is—Affirmed.

All JUSTICES concur.