Carter C. CROOKHAM, Appellant,

v.

STRUCTURAL CONTRACTORS, LTD., Appellee.

No. 90–232.

Court of Appeals of Iowa.

Dec. 27, 1990.

Peter C. Riley of the Tom Riley Law Firm, P.C., Cedar Rapids, for appellant.

Robert C. Allbee and Edward W. Remsburg of Ahlers, Cooney, Dorweiler, Haynie, Smith and Allbee, Des Moines, for appellee.

Heard by SCHLEGEL, P.J., and SACKETT and HABHAB, JJ.

HABHAB, Judge.

Plaintiff Carter Crookham was employed as the general manager of Structural Contractors, Ltd., which is a subsidiary of Musco Lighting, Inc. Carter's brother, Joe Crookham, is the majority shareholder of Musco. Carter is an engineer. He developed lupus in 1965 and was not able to work for several years. Eventually, he began to work on a part-time basis. In order to allow him to keep his insurance benefits, he was not paid a salary, but was paid for his gasoline, country club dues, and "I" Club dues.

In 1985 Carter was able to work full-time and was then paid a salary of $60,000 per year, plus health, life and disability insurance, vacation, and holidays. However, personnel problems developed and Carter was discharged in April 1986. Structural decided to pay Carter his regular salary for the next four months and allow him to use his office. Structural later denied Carter access to company offices because it believed he had revealed certain insider information. Structural retained Carter's last three paychecks, each in the amount of $2,321.25, pending a determination of a settlement with Carter.

Carter filed this suit pursuant to Iowa Code section 91A.8, claiming that the employer intentionally failed to pay him his wages and that he was entitled to liquidated damages, court costs, and attorney fees. Section 91A.2(4)(b) provides that severance payments which are due an employee under an agreement with the employer or under a policy of the employer are considered wages for purposes of chapter 91A. The district court concluded that Carter failed to show there was an agreement or set policy to pay severance payments. The court dismissed the petition. Carter appeals.

Carter claims the court erred in not granting his motion for summary judgment. He asserts there were no material issues of fact because in its answer the company admitted and affirmatively alleged an agreement to make severance payments. He also points to a letter written by Joe in December 1986 which states that the company was holding three paychecks pending determination of potential offsetting charges. Carter believes these clearly show there was an agreement to pay him severance wages, which the company later breached.

Carter also claims the court erred in finding that there was no agreement for the payment of wages. He again relied upon the company's answer and Joe's letter. Carter contends that having made these admissions, the company cannot now argue that there was not an agreement.

■ When the trial court, in a law action tried to the court, denies recovery because of a party's failure to carry his burden on an issue, we will not interfere on appeal unless we find the party carried his burden as a matter of law. *Bebensee v. Ives*, 409 N.W.2d 710, 712 (Iowa App.1987). The pivotal question is whether there in fact was sufficient evidence of an agreement to pay Carter severance pay, and in turn whether the trial court erred in ruling in favor of the defendant.

■ The plaintiff contends the trial court erred in refusing to grant his motion for summary judgment and further erred in finding there was no agreement between Structural and Carter with regard to severance pay following Carter's termination. The trial judge found and we agree the plaintiff failed to show by a preponderance of the evidence that there was any agreement to pay severance or that there was any set policy of the defendant to pay severance. Accordingly, we affirm.

There is no dispute between the parties with regard to Carter's status as an employee. He was clearly an employee at will. And, an employee at will may be

terminated at any time for any reason. *Abrisz v. Pulley Freight Lines, Inc.,* 270 N.W.2d 454 (Iowa 1978). The case which most closely tracks this fact pattern involves an at will employee who did not receive a promised bonus. *Kollman v. McGregor,* 240 Iowa 1331, 39 N.W.2d 302 (1949). After reviewing the situation, the court stated:

> There is much authority that where an agreement provides for a bonus for continuous service which is terminated by the employer through no fault of the employee, the latter is entitled to a proportionate share of the bonus according to the time served. Where, however, an employee voluntarily quits *or is discharged for a reason attributable to his own fault* there is no right to recover any part of the bonus.

*Id.* 39 N.W.2d at 304. (Emphasis added).

The defendant clearly proved the plaintiff was discharged for a reason attributable to his own fault. Carter relies primarily on the defendant's answer and a letter from Joe Crookham as proof of an agreement to distribute severance pay. However, we agree with the trial court's assessment that neither of these were sufficient to prove the severance agreement existed. The trial court was correct in finding for the defendant.

AFFIRMED.

SACKETT, J., concurs.

SCHLEGEL, J., dissents.

SCHLEGEL, Presiding Judge (dissenting).

I respectfully dissent. There was insufficient evidence to support the court's finding that there was no agreement to pay severance. Such an obligation was admitted.

I would reverse.