**IN THE COURT OF APPEALS OF IOWA**

No. 15-1663
Filed July 27, 2016


**VIAFIELD, f/k/a PROGRESSIVE AG COOPERATIVE
AND FARMERS COOPERATIVE,**
    Plaintiff-Appellee,

**vs.**

**ROBERT ENGELS,**
    Defendant-Appellant.
_____


Appeal from the Iowa District Court for Floyd County, Rustin T. Davenport,

Judge.



An employee appeals the dismissal of his claim for unpaid wages against

his former employer. **AFFIRMED.**



David A. Morse of Law Offices of David A. Morse, Des Moines, for

appellant.

Roger L. Sutton of Sutton Law Office, Charles City, for appellee.



Considered by Vogel, P.J., and Doyle and Bower, JJ.

**DOYLE, Judge.**

Robert Engels appeals the dismissal of his claim for unpaid wages against his former employer, Viafield. Engels argues Viafield failed to pay him wages in the form of unused "paid time off" that he had accrued prior to his termination. Because Engels failed to prove the paid time off was due to him at the time of termination by agreement of the parties or pursuant to an employment policy, we affirm.

**I. Background Facts and Proceedings.**

Robert Engels worked at an agricultural cooperative in Marble Rock from 1986 until 2010. On September 1, 2010, the cooperative became Viafield after merging with two other cooperatives, and Engels continued his employment as the grain manager of the western portion of Viafield's territory.

Viafield developed employment policies that it published in "Team Member Handbooks" and distributed to its employees. Section HR.410 of the handbook sets forth Viafield's policy regarding "Paid Time Off (PTO)," detailing the rate at which it is accrued and how it may be used by employees. The policy provides that employees "shall be paid regular pay for all unused accrued leave, providing that they give a proper two weeks['] notice of resignation." It further provides that if an employee is "terminated for 'just cause,' the Chief Executive Officer shall decide if unused accrued leave shall be paid."[1] Viafield fired Engels in

---

[1] The 2008 Marble Rock Farmers Cooperative Personnel Policies handbook contains a similar provision: "Upon termination, the employee shall be paid for all unused accrued annual leave providing the employee has given proper two weeks['] notice of resignation or has not been terminated for 'just cause' of which the Association shall be the sole judge."

November 2010 after Engels had amassed 589.74 hours of unused accrued PTO—worth $19,002.25 in regular wages—which Viafield never paid.

Eventually, Viafield initiated an action against Engels for breach of contract and fraudulent conversion, and Engels counterclaimed for payment of his unpaid PTO wages. The matter proceeded to trial, and at the close of Viafield's evidence, the district court directed a verdict in favor of Engels on Viafield's breach-of-contract claim. The trial court submitted Viafield's conversion claim to a jury, which found in favor of Engels. On Engels's cross-claim for unpaid wages, the jury found Viafield terminated Engels for "just cause." In light of this finding, the trial court determined that Engels was not entitled to payment of his PTO under Viafield's employment policy as a matter of law, and it dismissed the claim. Engels appeals.

**II. Scope and Standard of Review.**

This matter was tried at law, and therefore, our scope of review is for errors at law. *See* Iowa R. App. P. 6.907. Fact-findings are binding upon this court if supported by substantial evidence. *See NevadaCare, Inc. v. Dep't of Human Servs.*, 783 N.W.2d 459, 465 (Iowa 2010). However, we will reverse the trial court's judgment if the court has erroneously applied the law in a way that materially affects its decision. *See id.*

**III. Analysis.**

On appeal, Engels does not challenge the jury's finding that Viafield had just cause to terminate his employment. He instead challenges the trial court's application of the law to the facts. Specifically, Engels argues the court erred in determining the policy contained in Viafield's handbook was a valid and

enforceable employment policy because (1) the handbook did not create a binding contract and (2) there was insufficient evidence that Engels received the handbook.

Iowa law provides that employers must pay all wages its employees earn up until the time of termination. *See* Iowa Code § 91A.4 (2009). "Wages" are defined by Iowa Code section 91A.2(7)(b) to include compensation for "[v]acation, holiday, sick leave, and severance payments which are due an employee under an agreement with the employer or under a policy of the employer." In dismissing Engels's claim, the district court noted that section 91A.2(7)(b) does not require an employer pay their employee vacation, but rather, Viafield was permitted to restrict the payment of PTO, and it did so. Under Viafield's policy, the decision to pay Engels for his unused accrued PTO was within the CEO's discretion.

Engels argues the PTO policy contained in Viafield's handbook does not absolve Viafield of its obligation to pay PTO as wages under chapter 91A because the handbook did not create a contract between the parties. He notes that section HR.010, entitled "Nature of Employment," explicitly states the handbook "is not an employment contract and is not intended to create contractual obligations of any kind." That section continues by stating that "[n]either the [employee] nor Viafield is bound to continue the employment relationship if either chooses, at its will, to end the relationship at any time." We agree with Engels that Viafield's handbook did not create an employment contract, as Viafield clearly states its intention to avoid creating one.

The absence of an employment contract is not dispositive of whether Engels is entitled to payment of his unused accrued PTO, however. Section 91A.2(7)(b) provides an employee is entitled to payment of wages due to an employee "under an agreement with the employer *or* under a policy of the employer." (Emphasis added.) Viafield intended its handbook to provide employees "with a general understanding of [its] personnel policies." Given the at-will employment relationship, Viafield could modify those policies at any time[2] as a condition of continued employment, and any employee who continued to work for Viafield after receiving notice of the modification accepted it as a matter of law. *See Moody v. Bogue*, 310 N.W.2d 655, 660-61 (Iowa Ct. App. 1981). A preponderance of the evidence supports the finding that Engels was provided a copy of the handbook; the handbook was distributed at a meeting attended by all Viafield employees; and although Engels testified he did not recall seeing the handbook, he did not deny ever receiving one.

The burden was on Engels to prove his unused accrued PTO was due as wages under chapter 91A at the time of his termination. *Cf. Am. Family Mut. Ins. Co. v. Hollander*, 705 F.3d 339, 349 (8th Cir. 2013) (noting that employee bringing claim for failure to pay extended earnings under the Iowa Wage Payment Collection Law had the burden of proving extended earnings qualify as "wages" under chapter 91A); *Crookham v. Structural Contractors, Ltd.*, 466 N.W.2d 277, 278 (Iowa Ct. App. 1990) (noting discharged employee claiming

---

[2] Section HR.010 of Viafield's handbook reflects as much, stating: "In order to retain necessary flexibility in the administration of policies and procedures, Viafield reserves the right to change, revise, or eliminate any of the policies and/or benefits described in this handbook, except for its policy of employment-at-will."

employer failed to pay severance wages had the burden of proving by a preponderance of the evidence the existence of an agreement to pay severance). There is no evidence of an agreement or employment policy that required Viafield to pay Engels his unused accrued PTO as wages upon termination. Viafield's policy only requires payment of unused accrued PTO to employees who provide two weeks' notice before resignation; when an employee is fired for "just cause," the payment of PTO is discretionary. Because the jury determined Engels was fired for just cause, the wages in question were not "due" to Engels at the time of his termination. *Cf. Willets v. City of Creston*, 433 N.W.2d 58, 62 (Iowa Ct. App. 1988) (noting sick leave benefits that are payable on certain conditions are not due to the employee until those conditions are triggered). His claim for unpaid wages fails.

The trial court properly applied the law in dismissing Engels's counterclaim for unpaid wages, and accordingly, we affirm.

**AFFIRMED.**